IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

James Hose,

    Plaintiff,

vs.                                            Case No. 13-2490-JTM

Henry Industries, Inc.,

    Defendant.

MEMORANDUM AND ORDER

Plaintiff James Hose brings the present action against Henry Industries, Inc., alleging that Henry failed to pay him wages required under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* when he was employed by that company. Henry has counterclaimed, invoking a written contract designating Hose as an independent contractor rather than an employee, and further providing for indemnification for any litigation involving his employment status. Hose has moved to dismiss the counterclaim under Fed.R.Civ.Pr. 12(b)(1) and 12(b)(6).

Hose asserts multiple rationales for dismissal of the counterclaim, including unconscionability and preemption by the FLSA, but the court first addresses his contention that the court lacks subject matter jurisdiction to consider the counterclaim. *See Birdson v.*

*Westglen Endoscopy Ctr*. 176 F.Supp.2d 1245, 1247 (D. Kan. 2001) (dismissal must occur whenever the court finds it lacks jurisdiction). Here, Hose contends that the court lacks independent subject matter jurisdiction over the indemnification counterclaim because it is permissive rather than compulsory in nature. (Dkt. 33, at 9-11).

Under Fed.R.Civ.P. 13(a), a compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." For purposes of Rule 13, actions are of the same "transaction" or "occurrence" when: (1) the same issues of fact or law are raised, (2) res judicata would bar subsequent suit over the claim, (3) the same evidence will support or refute the respective claims, or (4) there is a logical relation between the original claim and the counterclaim. *Driver Music . v. Commercial Union Insurance*, 94 F.3d 1428, 1435 (10th Cir.1996) (citing *FDIC v. Hulsey*, 22 F.3d 1472, 1487 (10th Cir.1994)). Of these, the "logical relation" test is the most controlling. *Pipeliners Local Union No. 798, Tulsa, Okla. v. Ellerd*, 503 F.2d 1193, 1197 (10th Cir.1974 but any affirmative answer to these factors indicates the claim is compulsory. *Hulsey*, 22 F.3d at 1487.

Henry contends that the counterclaim meets the first and third test for a compulsory counterclaim, although it also adds later the contention that it meets the fourth as well. Its argument relating to these factors is short enough that its core may be quoted in full:

> Because the ability of either party to prevail will necessarily turn on that classification [of plaintiff as an employee or independent contractor], the same evidence and same issues of law or fact will be raised with respect to

> both claims—factors 1 and 3 of the four factor test are met. Likewise, [Henry's] claim for breach of contract—that Plaintiff breached the Cartage Agreement by wrongfully characterizing himself as an employee—will also likely turn on whether Plaintiff was correctly classified. Additionally, because the interpretation of the Cartage Agreement is pivotal in determining both Plaintiff's claim and [Henry's] Counterclaims, this satisfies the "logical relation" test, i.e., the "most controlling" factor.

(Dkt. 36, at 5).[1]

The court finds that the counterclaim is not compulsory in nature. Although both the plaintiff's FLSA claim and defendant's counterclaim do involve a common element in the nature of Hose's actual employment relationship, the focus of both actions will be different. The plaintiff's claim will center on the proper classification of Hose and the details of his payment, and develop evidence relating to his allegedly unpaid wages. In the resolution of Hose's true status, the contract itself will carry little weight. *See Rutherford Food v. McComb*, 331 U.S. 722, 729 (1947). Rather, the court must focus on the underlying economic realities of the parties' relationship. *Dole v. Snell*, 875 F.2d 802, 804 (10th Cir. 1989). *See also Midwest Concrete Placement, Inc. v. L & S Basements, Inc.*, 07-2316-JAR, 2009 WL 1162391 (D. Kan. Apr. 29, 2009) (noting ten factors relevant to the determination of an agent's status).

---

[1] The defendant's Response rests on the contention that the counterclaim is compulsory in nature. (Dkt. 36, at 3-6). The defendant does not respond to plaintiff's additional argument (Dkt. 33, at 11-12), that if the counterclaim is permissive in nature, the court should decline supplemental jurisdiction under 28 U.S.C. § 1367(a) because the counterclaim does not rest on a common set of operative facts as the FLSA claim. *See Hand v. Walnut Valley Sailing Club*, No. 10-1296-SAC, 2011 WL 2938109 at *2 (D. Kan. June 29, 2011)

None of these issues are directly relevant to Henry's counterclaim, in which the contract language is paramount. Evidence as to Hose's exact status is entirely secondary to the facial language of the agreement. The evidence for the counterclaim will also focus on issues of consideration, conscionability, and defendant's damages, including attorney fees. Further, those damages (as the court notes below) are not yet ripe in the absence of any judgment in favor of the plaintiff. Hose's FLSA claim therefore "contemplate[s] reference to evidence different from the evidence pertinent to proving or refuting [Henry]'s counterclaim," *Adamson v. Dataco Derex*, 178 F.R.D 562, 566 (D. Kan. 1998), and the counterclaim is not compulsory as being grounded on "*substantially* the same evidence." *Pipeliners*, 503 F.2d at 1198 (emphasis added).

In sum, Henry's indemnification claim is a separate and independent claim premised on a written document which will carry minimal weight in the classification of Hose for FLSA purposes. The competing claims involve different legal and factual issues, and will be grounded on separate evidence, the counterclaim is permissive rather than compulsory. Further, the coincident fact of Hose's status as an agent does not establish any logical relationship sufficient to make the counterclaim compulsory. *See Adamson*, 178 F.R.D. 562, 566 (D. Kan. 1998) ("the employment relationship[,] without more, is insufficient to render Dataco's counterclaim compulsory"). "[F]ederal courts have frequently held that where plaintiff's FLSA claims involve questions of numbers of hours worked and the compensation paid, and defendant's state law claims involve separate matters based on breach of fiduciary duty, breach of loyalty, or breach of contract, they do

4

not share a common nucleus with Plaintiff's FLSA claims." *Morris v. Blue Sky Mgt.*, LLC, No. 11-00979-CV-DGK, 2012 WL 527936, *3 (W.D. Mo. Feb. 16, 2012).

As noted above, the plaintiff presents a series of additional arguments for the dismissal of the counter claim. The court notes that at least some of these arguments bear the strong appearance of validity. *See Barbour Grp. v. Encon Int'l, Inc.*, No. 12-2557-JAR, 2013 WL 3781505, at *6 (D. Kan. July 18, 2013) (citing *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 205 (Tex. 1999), and holding that even a broadly construed indemnification claim is premature until judgment is entered in the primary action). However, because the court lacks subject matter jurisdiction over the counterclaim, any formal resolution of these arguments would be both unnecessary and lack any binding effect.

IT IS ACCORDINGLY ORDERED this 7th day of April, 2014, that the Plaintiff's Motion to Dismiss Counterclaim (Dkt. 32) is hereby granted.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE