IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

James Hose, et al.,

      Plaintiffs,

vs.                                      Case No. 13-2490-JTM

Henry Industries, Inc.,

      Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Henry Industries' Motion to Strike or Conduct Discovery. (Dkt. 47). Henry presented its motion shortly after plaintiff James Hose moved for a conditional class certification of the action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Henry contends that counsel for the plaintiff inappropriately engaged in premature and unauthorized notice to potential opt-in class members.

The defendant's motion in particular relies on an affidavit from one of the workers contacted by the plaintiff, Mark E. Baker, and targets the declarations by Sylvester Jones, Charles Beard, Jr., and Lori Goudey. Henry explicitly acknowledges that, in securing evidentiary support for the conditional class certification, the plaintiff may interview potential class members, and obtain their declarations in support of the effort. (Dkt. 48 at

8). This is quite correct. *See Williams v. Chartwell Financial Servs.*, 204 F.3d 748, 759 (7th Cir. 2000) ("plaintiffs have a right to contact members of the putative class"). However, Henry argues that Hose here crossed the line into direct solicitation of class members outside the supervision of the court.

Oversight of the notice process is left to the discretion of the district court. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 174 (1989). The general notice sent to potential class members occurs after the court makes a conditional class certification. *Renfro v. Spartan Computer Servs.*, 243 F.R.D. 431, 432 (D. Kan. 2007). This first step in the certification process is rendered under a lenient view of the allegations and evidence in the action. *See Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir, 2001); *Greenstein v. Meredith Corp.*, 948 F.Supp.2d 1266, 1268 (D. Kan. 2013).

The court finds no basis for striking the consent forms fielded by the plaintiff. The evidence shows that plaintiff engaged in a targeted effort to determine the nature of how Henry's drivers operated. Plaintiff's counsel took detailed notes of these interviews, and provided further information about joining the lawsuit if the interviewee asked how to do so. The notes show that counsel engaged in a specific and detailed interview with Mr. Baker, covering many subjects. Counsel directly denies encouraging Baker to join the lawsuit. The facts demonstrate that the plaintiff did not broadcast "notice" of the action, but simply sought factual information which might properly be presented in the context of the preliminary class certification.

There is no evidence of a general publication of the lawsuit, and the cases relied on

2

by Henry are inapposite. For example, in *Chemi v. Champion Mortgage*, 05-cv-1238-WHW (D.N.J. June 19, 2006), the court decided to strike certain opt-in forms submitted by potential class members. In that action, however, the plaintiff created a publicly accessible website, directly referring to the site as "a vehicle of solicitation." Nothing of the sort is present here.

In *Woods v. New York Life Ins.*, 686 F.2d 578, 580 (7th Cir. 1982), the court addressed the propriety of "notice [given] out on court letterhead over the signature of a court official." The court did not address or forbid attempts to conduct factual inquiries of the sort present here. Similarly, in *Heirmann v. City of Chicago*, No. 04-C-3304, 2004 WL 1718420, *2 (N.lD. Ill. 2004), the court addressed the propriety of notice and consent forms which were apparently sent to the entire class of Chicago Police Department officers who served during a three year period. The case thus involved a mass distribution of notice forms, not a targeted attempt to determine the factual basis for the first stage of preliminary class certification.

The defendants further argue that, even if the inquiries sent to Baker and other potential members was not inappropriate, the court should authorize depositions of those persons. (Dkt. 48, at 9). The cases cited by defendant do not support the relief sought. In *Williams v. Sprint/United Mgmt.*, 222 F.R.D. 483, 484 (D. Kan. 2004), the court simply recognized that, prior to the motion to amend the complaint to join additional parties, both parties "have engaged in considerable discovery concerning the appropriate composition of the proposed plaintiff group. "222 F.R.D. at 484. Nothing in the case indicates that the

3

court took any independent role in requiring or authorizing such discovery. Moreover, at the time of the motion to amend (which the court granted) "approximately 119 individuals have filed consent forms as opt-in plaintiffs." *Id.* Nothing in the case indicates that the court required separate depositions of the opt-in plaintiffs.

In *Green v. Harbor Freight Tools UNITED STATES*, 09-2380-JAR, 2010 WL 686263, *2 (D. Kan. 2010), United States Magistrate Judge O'Hara agreed that the defendants ought to be permitted to "test the veracity of plaintiffs' mere allegation" that they were similarly situated. Notably, Judge O'Hara explicitly limited the weight to be accorded his determination, in light of the apparently limited briefing in the action. As a result, he cautioned that as a result, "the court might not consider today's ruling as having precedential value in future FLSA litigation." 201 WL 686263, at *2 n. 10. Further, the language in *Green* — that the depositions would serve to test "the veracity" of opt-in plaintiff's allegations — indicates that the discovery thereby authorized would relate to the *second* stage of the certification process, which is conducted only after the conditional certification is approved.

Again, the conditional certification stage applies a lenient assessment of the evidence. This "low threshold" is typically made on the basis of affidavits or declarations. *See Renfro*, 243 F.R.D. at 434. Accordingly, the discovery sought by defendant is hereby denied.

The court suspended briefing on the issue of conditional certification pending resolution of the Motion to Strike. The court hereby authorizes the defendant to submit its

Response to plaintiff's motion (Dkt. 42) on or before June 27, 2014. The plaintiff may submit a Reply on or before July 11, 2014.

IT IS ACCORDINGLY ORDERED this 11th day of June, 2014, that the defendant's Motion to Strike or for Leave (Dkt. 47) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, CHIEF JUDGE