IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA

| | |
|---|---|
| JAMES HOSE, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-CV-2490-JTM/KMH |
| ) | |
| HENRY INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**<u>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR CLARIFICATION OR RECONSIDERATION CONCERNING IDENTIFYING POTENTIAL PLAINTIFFS TO RECEIVE NOTICE OF OPPORTUNITY TO OPT-IN</u>**

Henry Industries, Inc. ("Defendant"), pursuant to Fed. R. Civ. P. 60, and D. Kan. R. 7.3(b), requests that the Court clarify or reconsider a portion of its September 24, 2014 Memorandum and Order ("Order") (Dkt. 56) relating to Plaintiff's request to provide notice to potential plaintiffs of the opportunity to opt-in.  Specifically, Defendant requests that its provision of an electronic spreadsheet containing the names and last known addresses, as well as known phone numbers, e-mail addresses of its independent contractors (those Contractors with which Defendant contracted to provide courier and delivery services for all of its locations for the three year period preceding the Court's Order)[1] be deemed sufficient compliance with the Court's Order.  To the extent the Court intended to order Defendant to provide additional information, Defendant requests the Court reconsider or grant Defendant relief from that portion of its Order.

---

[1] On October 8, 2014, counsel for Defendant provided counsel for Plaintiff with an electronic spreadsheet in Excel format containing the last-known names, addresses, phone numbers and e-mail addresses for all of its independent contractors to which it made payment for services in the three years prior to the Court's Order.

**BACKGROUND AND DISCUSSION**

Plaintiff requested in his Motion to Conditionally Certify FLSA Collective Action, Order Disclosure of Potential Opt-in Plaintiff's Names and Contact Information, and to Facilitate Class Notice ("Motion") (Dkt. 42), that the Court order Defendant to "identify and provide to Plaintiff <u>a list of all drivers that have performed work for Defendant</u> at any time in the last three (3) years, including their last known mailing address, e-mail addresses, telephone numbers, and dates of service within fourteen (14) days of the date of this Court's Order in a readable electronic format . . .." (Dkt. 42) (emphasis supplied).  In its Order, the Court granted Plaintiff's request for conditional certification of the collective, denied Defendant's request to modify the proposed class to a specific geographic location, and declined to modify the proposed class notice to advise potential opt-in plaintiffs of the possibility of counterclaims.  The Court made no further or specific orders concerning the information Defendant should provide to Plaintiff's counsel to facilitate the provision of notice.

The semantics in this case are particularly important at this juncture.  As the Court recognized in its Order, Defendant does not title its independent contractors as "drivers" as plaintiff alleged. (Dkt. 56, at 6).  Instead, Henry requires its independent contractors to sign a Cartage Agreement in which they are referred to as a "Contractor."  The Contractors may perform the services specified in their Cartage Agreements or may employ or contract with third-parties to perform the services.  In either event, Defendant pays the Contractor for the work performed.  These third-party workers are referred to as "Contractor Workers" in the Cartage Agreements.  Because the Plaintiff requested in his Motion for Defendant to provide the identity of all "drivers" – a term the Court correctly recognized is not used by Defendant in its operations – Defendant seeks clarification of its obligations so as not to run afoul of the Court's orders.

As a practical matter, Defendant can utilize its accounting software to generate a report identifying all Contractors to whom settlement payments (payments for services invoiced under Cartage Agreements) have been made over the applicable three-year period.  This report will also contain the Contractors' last-known address, and the phone number, and e-mail address in most cases, and an electronic spreadsheet can be created from the report to provide to Plaintiff's counsel.  In fact, that is what Defendant and its counsel have done to satisfy the obligation to identify potential opt-in Plaintiffs under the Court's Order and have already provided counsel with the list.  With respect to any other individuals who may have provided services for Contractors of Defendant and indeed acted as a driver or courier during the relevant time, Defendant did not engage them or compensate them for their services and cannot identify them all.  To be clear, with respect to Contractor Workers, Defendant does not pay them, does not hire or approve of their hire, does not contract with them, and in many cases, does not know their identity (much less their full contact information).  Defendant assumes, therefore, it has no obligation (as it has no guaranteed ability) to discover or provide that information.  It would take the full cooperation of all Contractors to provide the identity and contact information for all Contractor Workers they employed or contracted with to perform services.

Defendant's understanding of its obligation to provide identifying information of Contractors appears consistent with the rationale stated by the Court in its Order.  Specifically, the Court stated, "[h]ere, the plaintiff's allegations relate to a company-wide policy in how Henry treats its drivers.  The drivers are employed pursuant to a standard form Cartage Agreement.  All of the evidence presented to the court from both sides indicates that the decision to treat drivers

as independent contractors is a company-wide policy."[2] (Dkt. 56, at 23). Indeed, although the court used the word "drivers" – the term supplied by Plaintiff, the import of this language is that the "[Contractors] are employed pursuant to a standard form Cartage Agreement," and that Defendant decided to treat [Contractors] as independent contractors company-wide. There is no support in Plaintiff's Motion for the proposition that Contractor Workers (borrowing the terminology of the Cartage Agreements) are "employed pursuant to a standard form Cartage Agreement" or that Defendant decided to treat Contractor Workers as independent contractors. Indeed, neither statement is accurate.

**CONCLUSION AND RELIEF REQUESTED**

For the foregoing reasons, Defendant requests that the Court clarify, reconsider or grant Defendant relief from (as may be applicable) the portion of its Order addressing the Defendant's obligation to provide identifying information to Plaintiff's counsel in order to facilitate notice to potential opt-in plaintiffs. As demonstrated herein, Defendant can and indeed has provided the identity, last-known address, and where known, the phone number and e-mail addresses of all Contractors in the relevant time frame. Defendant requests the Court issue an Order clarifying that such information is sufficient at this juncture. A status conference is currently set with Judge Karen Humphreys for October 28, 2014. Defendant is prepared to address these issues at that time should that be the proper forum for this discussion.

---

[2] Defendant does not concede the Court's findings concerning a uniform rule, policy or practice, and contends that neither the use of a Cartage Agreement nor its business model utilizing independent contractors constitute a uniform policy or practice, and are insufficient to demonstrate that plaintiffs are similarly situated.

Respectfully submitted,

s/Alisa Nickel Ehrlich
Stephanie N. Scheck   (#17641)
Alisa Nickel Ehrlich   (#17096)
STINSON LEONARD STREET LLP
1625 N. Waterfront Pkwy., Suite 300
Wichita, Kansas 67206-6620
Telephone: (316) 265-8800
Facsimile: (316) 265-1349
stephanie.scheck@stinsonleonard.com
alisa.ehrlich@stinsonleonard.com

Molly E. Walsh  (#24119)
STINSON LEONARD STREET LLP
1201 Walnut, Suite 2900
Kansas City, MO 64106
molly.walsh@stinsonleonard.com
Telephone:  (816) 691-2633
Facsimile:  (816) 412-9353

*Attorneys for Defendant Henry Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of October, 2014, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Kevin J. Dolley and Jason Finkes
Law Offices of Kevin J. Dolley, LLC
34 N. Brentwood Blvd., Suite 207
St. Louis, MO  63105
kevin@dolleylaw.com
jason.finkes@dolleylaw.com

Cyrus Dashtaki
Dashtaki Law Firm LLC
5201 Hampton Ave.
St. Louis, MO  63109
cyrus@dashtaki.com

*Attorneys for Plaintiff*

                                        s/ Alisa Nickel Ehrlich

DB04/0811421.0003/11366944.1