IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

James Hose,

        Plaintiff,

        vs.                              Case No. 13-2490-JTM

Henry Industries,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the Defendant Henry Industry's Motion for Clarification or Reconsideration (Dkt. 58) as to its discovery obligations in light of the court's Order (Dkt. 56) granting conditional certification. Following that Order, Henry gave plaintiff James Hose an electronic spreadsheet in Excel format containing contact information (last-known names, addresses, phone numbers and email addresses) for all of its independent contractors to which it made payment for services in the three previous years prior to the conditional certification order.

In its motion, Henry states that it "can and indeed has provided the identity, last-known address, and where known, the phone number and e-mail addresses of all Contractors in the relevant time frame. Defendant requests the Court issue an Order clarifying that such information is sufficient at this juncture." (Dkt. 59, at 4).

Plaintiff Hose opposes the motion. He argues first that the motion is without merit under D.Kan.R. 7.3(b), which provides that "a motion to reconsider [a non-dispositive order] must be

based upon: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Hose argues that Henry's motion satisfies none of these requirements.

Accordingly, Hose seeks a full list, including the electronic records underlying the spreadsheet, for drivers, whether employed directly or by intermediary contractors. Hose premises its argument that Henry must produce a broader list on two portions of the Court's opinion. First, the court conditionally certified a class which includes drivers employed by intermediaries. Second, according to plaintiff:

> As acknowledged in its Motion, the Court ordered Defendant to provide Plaintiff with "a list of all drivers that have performed work for Defendant at any time in the last three (3) years." [See Doc. #59, p. 2] (citing Order, Doc. #56).

(Dkt. 60, at 5).

This is inaccurate. The court did not explicitly order such a universal list, and Henry in its Memorandum did not acknowledge such an order. Rather, in the cited portion of the Memorandum in support of its Motion to Reconsider, Henry simply acknowledged that "Plaintiff requested" an Order with such language, but clearly states that, beyond certification, defendant understood the court to give "no further or specific orders." (Dkt. 59, at 2).

Hose further suggests that in failing to provide additional information as to drivers engaged by intermediaries, Henry is violating the letter or spirit of the court's order in its statement that it "'has no obligation ... to discover or provide that information.'" (Dkt. 60, at 7 (quoting Dkt. 59, at 3)). Again, plaintiff's citation fails to fairly reflect the source material. In its Memorandum, the defendant actually stated that it "assumes…it has no obligation *(as it has no guaranteed ability)* to discover or provide" the broader list sought by the plaintiff. (Emphasis added). Henry continued: "It would take the full cooperation of all Contractors to provide the identity and contact information

for all Contractor Workers they employed or contracted with to perform services." (*Id.*).

The court understands Henry to indicate not that it *will not* supply information as to the intermediary drivers, but that it *cannot* reasonably do so, when the information is not in its possession. The defendant indeed explicitly makes this representation in its Reply, observing that the list tendered to plaintiff reflected "*every* such Contractor and/or driver (those terms having been used somewhat interchangeably so far) in the Defendant's accounting database." (Dkt. 61, at 1) (emphasis in original).

Finally, Hose argues that the court should hold the defendant's Motion in "abeyance pending further discovery." (Dkt. 60, at 8). The court disagrees. All rulings during the course of discovery are necessarily provisional, and plaintiff may seek alternative relief in the event it discovers that Henry is withholding relevant information in its possession. But the plaintff has failed to show that this is the case now, or that Henry is not entitled to clarity as to whether it is currently acting in compliance with the court's Order. The court finds no basis for inferring that it is not in compliance.

As to the requirements of Rule 7.3(b), while this may restrict the circumstances under which the court reconsiders its prior Order, this does not inhibit the court from clarifying that Order, or determining whether the parties are in compliance with that Order. Henry has satisfied its obligation by producing a list identifying all individual drivers within the conditionally-certified class, to the extent that Henry is in possession of such information. Production of such a list in an electronic spreadsheet in Excel format with the identifying information is sufficient.

IT IS ACCORDINGLY ORDERED this 31st day of October, 2014, that the defendant's Motion to Clarify or Reconsider (Dkt. 58) is granted, as provided herein.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE