IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES HOSE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 13-cv-02490-JTM-GEB |
| ) | |
| HENRY INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S RULE 41(b) MOTION TO DISMISS WITH PREJUDICE
AND TO EXTEND THE DEADLINE FOR FILING MOTIONS TO COMPEL**

Pursuant to Fed. R. Civ. P. 41(b), together in conjunction with Defendant's Opposition to Plaintiff's Motion to Dismiss Without Prejudice (filed at ECF Dkt. 99), defendant Henry Industries, Inc. ("Henry Industries" or "Defendant") respectfully moves the Court for an Order dismissing all Plaintiffs whose discovery responses remain outstanding as of the date of this filing and extending its deadline to file motions to compel discovery with respect to all remaining Plaintiffs.

**INTRODUCTION AND STATEMENTS OF FACT**

Plaintiff recently filed a series of motions seeking dismissal without prejudice, or decertification, or severance of numerous Plaintiffs. ECF Dkt. 89-91, 93. In response, Defendant argued, among other things, that to the extent that any Plaintiffs who have failed to provide discovery are dismissed from the lawsuit, it should be with prejudice pursuant to Federal Rule 41(b), providing that the Court may involuntarily dismiss the plaintiff's case for failure to comply with court rules. Fed. R. Civ. P. 41(b). Notably, a staggering 84 individuals (of 116 opt-ins), 72% of the total opt-in Plaintiffs, have outstanding discovery responses, to which Defendant is entitled. In accompaniment of its prior Opposition, and to the extent necessary to present this issue to the Court, Defendant now formally files its Rule 41(b) motion seeking dismissal of all

Plaintiffs who have failed to provide any requested discovery. In support of its position, Defendant provides the following procedural history and statements of fact:

1. The Court granted conditional certification of this action on September 24, 2014. Dkt. No. 56.

2. Following notice and opportunity to opt in, there are currently 116 opt-in Plaintiffs in this suit, in addition to James Hose.

3. Following the opt-in periods, the parties then began a merits-focused phase of discovery. Dkt. Nos. 63, 67, and 88.

4. Since merits discovery has commenced, Defendant has provided significant supplemental document production and interrogatory answers. Specifically, during the second phase of discovery, Henry Industries has provided 1,319 documents, including 15,507 pages, related to the 116 opt-in Plaintiffs. *See* Dkt. Nos. 69 and 84.

5. In addition, Defendant served its first requests for production of documents and first interrogatories on all 116 opt-in Plaintiffs, according to the scheduling order, to wit:

6. On February 13, 2015, Defendant served its First Set of Interrogatories ("Interrogatories") and First Set of Requests for Production of Documents ("Document Requests") to the ninety-three (93) Plaintiffs[1] who opted-in to this lawsuit during the initial opt-in period ending January 22, 2015. Dkt. 68.

---

[1] These ninety-three (93) opt-in plaintiffs are: Debra Aldridge; Akila Alford; Raymond Amenya; Stephen Barkus; Jeff Bartlett; Adebayo Bashorun; Terry Beall; Charles Beard Jr.; Robert Beckner II; Tranese Boles; Robert Bonastia; Ellsworth Brown; Dumitru Buruian; Christopher Caldwell; Gloria Carter; Shirley Cassingham; Michael Copeland; Janella Dischbein; Charles Donohue; John Downing; Jason Dreager; Pamela Epperson; Julianne Estrada; Adetokunbo Fasesin; Stacee Ferguson; Jeffrey Frank; Nicholas Freyer; Richard Frick; Charles Gawith; Noble Gibson; Carl Gilmore; John Gonzalez; David Goscha; Nathan Goss; Lori Goudey; Mary Hahn; Devin Harris; Walter Harris; Ronald Hawkins; Richard Henderson; Rebecca Holst; Stuart Hurd; Miles Jascha; Ronald Johnson; Sylvester Jones; Javid Karim; Awais Khan; John King; Amber Kostecki; Janet LeBlanc; John Mbugua; Alex Mburu; Simon Mbuu; Jessica Meza; Fredrick Morris; Phillip Morris; Tara Morris; Samuel Mulonzi; Douglas Muthami; Sarah Mwaura; Ken Ngigi; Vickie Norris; Paul O'Connell; David Olmsted; Antwain Pelmore; Gerald Pelt; Paul Post; John Potter; Peggy Richardson; James Riley; Danyel Ross; Lev Safronov; Jeffrey Sasek; Ilya Simyatitsky; Jonathan Skaggs; Forrest Smith; Keith Spies; Kracimir Stefanof; Gerald Stickles; Michael Stofferan; Eddie Taylor; Marvin

2

7. These opt-in Plaintiffs' discovery responses were initially due March 18, 2015. By agreement of counsel, the deadline was extended by 30 days, to and until April 17, 2015.

8. In an April 17, 2015 email (the date the discovery responses were due) Plaintiffs' counsel requested a second 30-day extension of time for his clients to provide their outstanding discovery responses. Defendant responded that it would agree to a Court Order providing these opt-in Plaintiffs an extension of time to complete and provide all written discovery responses and documents. Plaintiffs' counsel has not yet responded to Defendant's proposal, and no further extensions of time were sought by Plaintiffs' counsel or agreed to by defense counsel.

9. On April 23, 2015, Defendant served its First Set of Interrogatories ("Interrogatories") and First Set of Requests for Production of Documents ("Document Requests") to twenty-two (22) Plaintiffs[2] who opted in to this lawsuit pursuant to the mailing of second notice of opt-in notices (period ending April 24, 2015). Dkt 74.

10. On April 27, 2015, Defendant likewise served its Interrogatories and Document Requests to Dionne Tolson, the remaining plaintiff who opted in to this lawsuit pursuant to the mailing of second notice of opt-in notices (period that ended April 24, 2015). Dkt 76.

11. These twenty-three (23) opt-in Plaintiffs' discovery responses were due to Defendant on May 26 and May 27, 2015, respectively. No extensions of those deadlines were sought by Plaintiffs' counsel or agreed to by defense counsel.

12. Some responses were received by Defendant as identified in detail on Exhibit A.

13. On May 11, 2015 and July 9, 2015, defense counsel wrote Golden-rule type letters (attached as Exhibit B) to plaintiff's counsel identifying missing responses and addressing

---

Thomas; Steve Turner; Paula Tutkus; Joshua Wachira; Michael Walker; Jim Wells; Jacob Williams; William Williams; Kelli Wilson; Tina Winfrey; Desta Yilala; and James Young.

[2] These twenty-two (22) opt-in plaintiffs are: Leo Baclay, Conan Behr, Nick Bunn, Rajen Chovatia, Gary Counts, Patrick Cronin, Jeffrey Cullop, Chad Farmer, James Hause, Lory Howard, Racia Huckleby, Jack Joynt, Matthew Lae, Keith Lamb, Sergio Martinez, Connor McCreary, Glendon McFarlane, John Morris, Jeremy Palmer, Amy Rhoads, Tiffany Sanders, Stephen Zenner.

3

deficiencies in those responses received to date. While some additional responses were subsequently received, none of the substantive disputes concerning the sufficiency of the discovery responses have been addressed by Plaintiffs; rather Plaintiffs' counsel requested to postpone such discussions until after they received responses from their clients.

14. In response to inquiries from defense counsel as to when responses can be anticipated, Plaintiffs' counsel has repeatedly asked defense counsel to be patient as they attempt to gather the missing information from their clients, but has continually neglected to provide any information as to when Defendant can reasonably expect to receive the outstanding responses to which Defendant is entitled, or if any such responses are forthcoming at all. Nevertheless, Defendant agrees it is more efficient to address all discovery disputes at once, rather than piecemeal (though, Defendant's repeated requests for information as to whether additional responses are forthcoming have gone unanswered). Accordingly, Defendant filed motions to extend its deadline to file motions to compel discovery on May 15, 2015; June 15, 2015; and July 16, 2015, to continue those deadlines to a time when Plaintiffs' counsel might have exhausted efforts to communicate with the opt-in Plaintiffs. Dkt. Nos. 78, 82, and 87. The Defendant's deadlines to file motions to compel were extended with agreement of Plaintiffs' counsel. Currently, Defendant's deadlines to file motions to compel are October 30, 2015 and November 30, 2015. Importantly, only the deadlines for Defendant to file motions to compel were extended. Plaintiffs' have not sought additional extensions of time to respond to discovery and thus have waived any objections to such discovery requests. *Cardenas v. Dorel Juvenile Grp., Inc.*, 231 F.R.D. 616, 618 (D. Kan. 2005) ("It is well settled that the failure to timely assert an objection to an interrogatory results in waiver of the objection.").

15. As of the date of this filing, the following 44 individuals have not responded to any discovery: Akila Alford; Raymond Amenya; Leo Baclay; Stephen Barkus; Adebayo

Bashorun; Robert Beckner; Tranese Boles; Robert Bonastia; Ellsworth Brown; Christopher Caldwell; Gloria Carter; Rajen Chovatia; Patrick Cronin; Janella Dischbein; Mike Donohue; Pamela Epperson; Jeffery Frank; Nicholas Freyer; David Goscha; Mary Hahn; James Hause; Ronald Hawkins; Racia Huckleby; Ronald Johnson; Sylvester Jones; Jack Joynt; Sergio Martinez; Glendon McFarlane; Jessica Meza; John Morris; Phillip Morris; Tara Morris; David Olmsted; Antwain Pelmore; Amy Rhoads; Danyel Ross; Lev Safronov; Jeffrey Sasek; Eddie Taylor; Dionne Tolson; Paula Tutkus; William Williams; Kelli Wilson; and Stephen Zenner.

16.     The following 40 individuals have provided *some* discovery responses, but still have requests that remain outstanding: Jeffrey Bartlett; Terrence Beall; Conan Behr; Dumitru Buruian; Shirley Cassingham; Michael Copeland; Gary Counts; Chad Farmer; Adetokunbo Fasesin; Richard Frick; Noble Gibson; Walter Harris; Stuart Hurd; Miles Jascha; Javid Karim; John King; Keith Lamb; Janet LeBlanc; John Mbugua; Alex Mburu; Fredrick Morris; Samuel Mulonzi; Sarah Mwaura; Vickie Norris; Jeremy Palmer; Paul Post; Peggy Richardson; James Riley; Tiffany Sanders; Jonathan Skaggs; Keith Spies; Kracimir Stefanof; Mike Stofferan; Marvin Thomas; Joshua Wachira; Jim Wells; Jacob Williams; Tina Winfrey; Desta Yilala; and James Young. *See* Exhibit A.

17.     Indeed, only the following 33 Plaintiffs have fully responded[3] to Henry Industries' requests for documents and Interrogatories: Debra Aldridge; Charles Beard; Nick Bunn; Jeffrey Cullop; John Downing; Jason Dreager; Julianne Estrada; Stacee Ferguson; Charles Gawith; Carl Gilmore; John Gonzalez; Nathan Goss; Lori Goudey; Devin Harris; Richard Henderson; Rebecca Holst; James Hose; Lory Howard; Awais Khan; Amber Kostecki; Matthew Lae; Simon Mbuu; Connor McCreary; Douglas Muthami; Ken Ngigi; Paul O'Connell; Gerald Pelt; John

---

[3] With regard to the 33 individuals who have responded to all discovery requests served by Defendant, it disputes the sufficiency of those responses and intends to pursue a motion to compel more complete and precise responses from those individuals if the issues cannot be amicably resolved without court intervention.

Potter; Ilya Simyatitsky; Forrest Smith; Gerald Stickles; Steven Turner; and Michael Walker. *See* Exhibit A.

## ARGUMENT AND AUTHORITIES

**I.   The Eighty-Four (84) Plaintiffs Who Have Also Failed or Refused to Provide Discovery Responses Should Be Dismissed With Prejudice Under Rule 41(b).**

The Federal Rules of Civil Procedure provide that a plaintiff's failure to comply with those Rules and the Court's Scheduling Orders are sufficiently deliberate to justify involuntary dismissal of the plaintiff's claims under Rule 41(b), which provides that a defendant may move to dismiss the action "'[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . .'" In determining whether to dismiss an action under Rule 41(b), the Court should consider, among other factors, the plaintiff's culpability and the amount of plaintiff's interference with the judicial process. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (internal citations and quotations omitted).

As discussed *supra*, forty-four of the opt-in Plaintiffs have failed or refused to provide any responses whatsoever to discovery requests, and another forty have provided responses to some, but not all discovery propounded to them. Statement of Fact ("SOF") ¶ 15-16. Defendant served discovery on the Plaintiffs on February 13, 2015 (for the initial 93 opt-in Plaintiffs), April 23, 2015 (for the next 22 opt-in Plaintiffs), and April 27, 2015 (for the last individual to opt-in). SOF ¶ 6, 9-10. These discovery requests were not cumbersome; they included only five interrogatories and ten document requests. For those individuals who were served with discovery in February 2015, they have had more than eight months to provide their responses. And for those individuals who were served in April 2015, they have had over six months to respond. In the meantime, Defendant has continued to incur unnecessary fees through its attempts to confer with Plaintiffs' counsel seeking responses, and filing motions to extend its deadlines to file motions to compel the opt-in Plaintiffs to respond to discovery. These Plaintiffs' failure to

6

comply with discovery rules and orders in the extended time frame permitted thus far justifies dismissal of their claims. The Court has broad authority to dismiss the Plaintiffs' claims with prejudice for failure to comply with the Federal Rules, including discovery rules. *Gross v. Gen. Motors LLC*, 441 F. App'x 562, 565 (10th Cir. 2011) (the district court did not abuse its discretion by dismissing the plaintiff's case for failure to produce requested records). Accordingly, due to the Plaintiffs' consistent failure to provide discovery as is required by the Federal Rules and rules of this Court, and complete neglect to provide even a status update as to when such discovery can be anticipated, Defendant respectfully requests that the following individuals be dismissed from this action with prejudice:

> Akila Alford; Raymond Amenya; Leo Baclay; Stephen Barkus; Adebayo Bashorun; Robert Beckner; Tranese Boles; Robert Bonastia; Ellsworth Brown; Christopher Caldwell; Gloria Carter; Rajen Chovatia; Patrick Cronin; Janella Dischbein; Mike Donohue; Pamela Epperson; Jeffery Frank; Nicholas Freyer; David Goscha; Mary Hahn; James Hause; Ronald Hawkins; Racia Huckleby; Ronald Johnson; Sylvester Jones; Jack Joynt; Sergio Martinez; Glendon McFarlane; Jessica Meza; John Morris; Phillip Morris; Tara Morris; David Olmsted; Antwain Pelmore; Amy Rhoads; Danyel Ross; Lev Safronov; Jeffrey Sasek; Eddie Taylor; Dionne Tolson; Paula Tutkus; William Williams; Kelli Wilson; and Stephen Zenner; Jeffrey Bartlett; Terrence Beall; Conan Behr; Dumitru Buruian; Shirley Cassingham; Michael Copeland; Gary Counts; Chad Farmer; Adetokunbo Fasesin; Richard Frick; Noble Gibson; Walter Harris; Stuart Hurd; Miles Jascha; Javid Karim; John King; Keith Lamb; Janet LeBlanc; John Mbugua; Alex Mburu; Fredrick Morris; Samuel Mulonzi; Sarah Mwaura; Vickie Norris; Jeremy Palmer; Paul Post; Peggy Richardson; James Riley; Tiffany Sanders; Jonathan Skaggs; Keith Spies; Kracimir Stefanof; Mike Stofferan; Marvin Thomas; Joshua Wachira; Jim Wells; Jacob Williams; Tina Winfrey; Desta Yilala; and James Young. *See* Exhibit A.

**II.   The Motion to Compel Deadline Should Be Extended With Respect to the Remaining Plaintiffs.**

In addition to dismissal of those 84 Plaintiffs who have failed to provide discovery responses (both partially and wholly), Defendant seeks an extension of and one consolidated deadline for filings its motion to compel discovery with respect to the remaining Plaintiffs in the litigation. As indicated *supra*, Defendant has received responses to both the interrogatories and

7

requests for production from 33 individuals. SOF ¶ 17. Those responses are deficient, however. Defendant has submitted Golden Rule type letters to Plaintiffs' counsel addressing those deficiencies and has repeatedly requested time to confer with Plaintiffs' counsel about the deficiencies, but has received no substantive response. SOF ¶ 13-14. Indeed, to date, Plaintiffs' counsel has responded only with requests for Defendant to be patient, but has given no indication as to when Defendant may reasonably expect to meet and confer with Plaintiffs' counsel or if such time to confer is forthcoming at all. Due to Plaintiffs' consistent hedging and failure to provide any response or information to defense counsel regarding the deficiencies in the discovery responses, Defendant seeks a two-month extension from the current deadline of November 30, 2015, to and until January 29, 2016, or a sixty (60) day extension from the date this Motion is ruled upon, whichever is later, to file its motion to compel as to all Plaintiffs. Additionally, if Defendant's Rule 41(b) motion to dismiss is denied, Defendant requests that the extended deadlines sought by this Motion apply as to all Plaintiffs in the litigation.

## CONCLUSION

Eighty-four of the Plaintiffs in this litigation have failed to respond to discovery that has been outstanding as long as six months and up to eight months in many cases. It is clear by their failure to provide the requested discovery responses that these Plaintiffs are not meaningfully participating in this litigation, and Defendant should not be required to incur any more cost in defending against their claims. In the interest of judicial resources, efficiency and fairness, the Court should invoke its broad authority to manage this litigation and dismiss their claims pursuant to Federal Rule 41(b). Defendant also respectfully requests that its deadline to file motions to compel be extended to January 29, 2016, or to sixty (60) days after this Motion is ruled upon, whichever is later.

Respectfully Submitted,

STINSON LEONARD STREET LLP


*s/ Molly E. Walsh*
Stephanie N. Scheck        (#17641)
Alisa Nickel Ehrlich        (#17096)
1625 N. Waterfront Pkwy., Suite 300
Wichita, Kansas 67206-6620
stephanie.scheck@stinson.com
alisa.ehrlich@stinson.com
Telephone: (316) 265-8800
Fax Number: (316) 265-1349


Molly E. Walsh            (#24119)
1201 Walnut, Suite 2900
Kansas City, MO 64106
molly.walsh@stinson.com
Telephone: (816) 691-2633
Fax Number: (816) 412-9353

*Attorneys for Defendant Henry Industries, Inc.*

9

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 27th day of October 2015, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following:

Kevin J. Dolley
Law Offices of Kevin J. Dolley, LLC
2726 S. Brentwood Blvd.
St. Louis, MO 63144
kevin@dolleylaw.com

Cyrus Dashtaki
Dashtaki Law Firm LLC
5201 Hampton Ave
St. Louis, MO 63109
cyrus@dashtaki.com

*Attorneys for Plaintiff James Hose and Those Similarly Situated*


      *s/ Molly E. Walsh*

DB04/0811421.0003/12276774.2