# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES HOSE,<br>on behalf of himself and all other<br>persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HENRY INDUSTRIES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)    Case No. 13-2490-JTM-GEB<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Require Remaining Opt-In Plaintiffs to Identify a Representative (**ECF No. 114**) and Defendant's Motion to Extend the Parties' ADR Deadline (**ECF No. 121**).  On May 11, 2016, the Court convened a telephone conference to discuss both motions.  The conditionally-certified class of plaintiffs appeared through counsel, Kevin J. Dolley.  Defendant Henry Industries, Inc. appeared through counsel, Alisa Nickel Ehrlich.

After consideration of the motion (ECF No. 114), Memorandum in Support (ECF No. 115), Plaintiffs' Response (ECF No. 118), Defendant's Reply (ECF No. 171), and additional discussion with counsel, the Court **GRANTS** the Motion to Require Remaining Opt-In Plaintiffs to Identify a Representative (ECF No. 114) **IN PART** as set forth below.  The Court **DENIES** Defendant's Motion to Extend the Parties' ADR Deadline (**ECF No. 121**).

## Background

This is a Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), case filed by James Hose on behalf of delivery drivers engaged by defendant Henry Industries, Inc., a company which arranges deliveries for various pharmaceutical companies.  Hose filed the action claiming: 1) the drivers are employees, not independent contractors as classified by Defendant; and 2) the drivers were not paid overtime wages as required under the FLSA.   The case was conditionally certified as a collective action on September 24, 2014 (ECF No. 56) and 116 opt-in plaintiffs consented to join the case (ECF Nos. 40, 64, 65, 72, 75).   Additional background facts and procedural history have been stated in other court orders and need not be reiterated here.

Relevant to this opinion is the Court's January 22, 2016 Memorandum and Order (ECF No. 109), addressing Plaintiff's request (ECF No. 89) to dismiss without prejudice the opt-in plaintiffs making deliveries in the state of Missouri.[1]  Granting Plaintiff's motion, the Court decertified the claims of those opt-in plaintiffs making deliveries in the state of Missouri, allowing those plaintiffs to join an ongoing Missouri state action and automatically dismissing them without prejudice from this case.  Hose, the single named representative plaintiff in this action and upon whose claims the Complaint was initiated, was one of those Missouri plaintiffs whose request for dismissal was granted.  Out of the initial 117 plaintiffs, this conditionally-certified collective action was left with 29 opt-in plaintiffs but no named representative of the group.

---

[1] Eighty-five Missouri opt-in plaintiffs were dismissed, along with 11 plaintiffs who voluntarily withdrew their opt-in consent forms (ECF Nos. 90, 93).

**Defendant's Motion to Require Remaining Opt-In Plaintiffs to
Identify a Representative (ECF No. 114)**

Hose's dismissal prompted Defendant to file the current motion. Defendant contends the opt-in Plaintiffs[2] misinterpret the January 22, 2016 Order to conclude the case may proceed without the identification of a representative plaintiff. Defendant further argues the absence of a named plaintiff representing the conditionally-certified class creates a multitude of unnecessary logistical, procedural, and legal issues for the parties and the Court, and asks the Court to require Plaintiffs to designate a representative.

In their Response (ECF No. 118), Plaintiffs maintain the identification of a representative at this stage of the proceedings is not required by law, and Defendant fails to cite any authority outlining such a requirement. Plaintiffs assert the absence of a representative plaintiff does not, in any way, infringe upon Defendant's ability to: 1) obtain discovery, especially since merits-based discovery is ongoing; 2) later file a decertification motion; or 3) engage in meaningful settlement negotiations. Although previously, in their motion to dismiss the Missouri opt-in plaintiffs,[3] Plaintiffs argued they should be allowed to identify a substitute named plaintiff, they now argue if a representative becomes necessary, the most appropriate time to designate one is after the completion of meaningful discovery, because the information gained will assist Plaintiffs

---

[2] For the sake of brevity, throughout this opinion, the 29 remaining opt-in plaintiffs will be referred to simply as "Plaintiffs" unless their identification specifically as the opt-in plaintiffs is required for clarity.

[3] Pls.' Mem. in Supp., ECF No. 89, Ex. 1, at 10.

to select the most appropriate "representative." Plaintiffs ask the Court to deny Defendant's motion without prejudice.

Despite copious citations of case law from courts across the county, each party maintains the other fails to cite legal authority supporting its position. The parties' arguments can generally be classified into three primary categories: 1) the legal concerns; 2) the intent of the January 22, 2016 order; and 3) the practical and logistical issues surrounding the lack of a named plaintiff. Each is addressed in turn.

## 1.    Legal Issues

The plain language of §216(b) of the FLSA, the possible result of decertification, and the future approval of any potential settlement are of chief concern to the Court. Additionally, the lack of existing legal authority is problematic.

### A.    The Nature of an FLSA Collective Action

A brief review of the nature of a collective action under §216(b) is helpful to frame the discussion of the question currently before the Court. The purpose of filing a collective action is to provide employee "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources,"[4] and to benefit the judicial system "by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged … activity."[5]

---

[4] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).
[5] *Id*.

4

A "collective action" or "representative action"[6] under §216(b) differs from a class action under Federal Rule of Civil Procedure 23 as a result of the "opt-in" versus "opt-out" distinction.  In Rule 23 class actions, plaintiffs are generally "'opt-out,' such that class members are presumptively treated as remaining in the litigation class unless they affirmatively request to be excluded."[7]  Conversely, in a collective action under §216(b), "no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."[8]

The Tenth Circuit Court of Appeals provides the framework for the district court's consideration of FLSA collective actions.[9]  In this two-step process, the district court typically makes an initial "notice stage" determination whether plaintiffs are "similarly situated" as required under 29 U.S.C. § 216(b).[10]  In this first-stage determination, the court determines whether the "putative opt-in plaintiffs are similarly situated to the named plaintiffs."[11] The standard for conditional certification at the notice stage is a lenient one, and typically results in certification, as occurred in this case, for the purpose of notifying potential opt-in plaintiffs.[12]

---

[6] *See Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004).
[7] *Delgado v. Castellino Corp.*, 66 F. Supp. 3d 1340, 1341 n.1 (D. Colo. 2014); *see Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 678 (D. Kan. 2004).
[8] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)
[9] *Id.*
[10] *McCaffrey v. Mortgage Sources, Corp.*, No. 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011) (citing *Thiessen*, 267 F.3d at 1102).
[11] *Blair v. Transam Trucking, Inc.*, No. 09-2443-EFM-KGG, 2015 WL 5006076, at *8 (D. Kan. Aug. 20, 2015).
[12] *McCaffrey*, 2011 WL 32436, at *2.

The second stage of the analysis follows the conclusion of discovery and is generally prompted by a defendant's motion to decertify.  At this second stage, the court uses a stricter standard to analyze the information gained through discovery.[13]  The Court compares each individual plaintiff's claims and circumstances to determine whether the class should remain certified.  If the court determines the plaintiffs are truly similarly situated, the case is finally certified and proceeds to trial as a collective action.

B.      Decertification

This case has been conditionally certified and is now progressing through discovery; therefore, the issue of second-stage certification is not currently before this Court.[14]  However, Defendant argues a representative plaintiff would be necessary to the Court's consideration of decertification (second-stage certification), in the event such a motion is later filed in this case.  It contends, without citing any authority, the "similarity that is germane to the Court at the second stage of the FLSA certification process is whether the opt-in plaintiffs' claims are similar to those set forth in the Complaint." (Def.'s Reply, ECF No. 119, at 5.)   Because Defendant addresses the second-stage analysis, the Court addresses the issue of potential decertification but disagrees with Defendant's line of reasoning.

---

[13] *Thiessen*, 267 F.3d at 1103 (see discussion *infra* section 1.B.).

[14]  Additionally, it must be noted that neither the issue of conditional certification nor final certification is decided by the U.S. Magistrate Judge in the District of Kansas, but rather by the U.S. District Judge.

If Defendant files a motion to decertify the conditional class (which the Court expects), the Court utilizes a "stricter standard of 'similarly situated'"[15] to consider several factors, including: (1) the disparate factual and employment settings of individual plaintiffs; (2) various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations.[16]  Therefore, although the allegations of the Complaint (and thus the named plaintiff) are not overlooked, the law requires the Court to compare <u>each</u> individual plaintiff's claims and circumstances to determine whether the class should remain certified; therefore the existence of a named plaintiff appears less vital to the analysis.

Of greater concern, in this Court's view, is what might occur in the event of decertification.  If, after application of the stricter standards, the Court determines the claims of the individual plaintiffs are not similarly situated, the action is subject to decertification.   When this occurs, the "the opt-in plaintiffs are dismissed without prejudice, and the class representatives—*i.e.* the original plaintiffs—proceed to trial on their individual claims"[17]—not on a collective basis.   If this collective action is decertified at some point in the future, prior to the naming of a representative, the case is left with no representative plaintiff who could bring the case to trial.  Because the case

---

[15] *McCaffrey*, 2011 WL 32436, at *2 (citing *Thiessen*, at 1102-03).

[16] *Id.* (citing *Thiessen*, at 1103).

[17] *Green v. Harbor Freight Tools USA, Inc.*, No. 09–CV–2380–JAR, 888 F. Supp. 2d 1088, 1094 (D. Kan. 2012) (quoting *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1214 (5th Cir.1995), *overruled on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90, 90–91, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003)). *See also Scott v. Raudin McCormick, Inc.*, No. 08-4045-EFM, 2010 WL 5093650, at *5 (D. Kan. Dec. 8, 2010) (decertifying the conditionally-certified class and dismissing the remaining opt-in Plaintiffs).

would then be subject to immediate dismissal,[18] it would seem to be in Plaintiffs' best interests to name a representative, not to mention the conservation of time and resources for the parties and the Court in the event the dismissed plaintiffs later re-file their claims individually.

      C.    <u>Settlement Approval</u>

Equally troubling to this Court is the approval of any potential settlement.   If the parties agree to a conditional settlement of this FLSA claim prior to the Court's second-stage analysis and final decision on certification, the Court makes a final class certification ruling and reviews the settlement for fairness before its approval.[19]  As part of its review, case law requires the Court to conclude the litigation involves a bona fide dispute and the proposed settlement is fair and equitable to all parties.[20]  "Only after scrutinizing the settlement for fairness" may the Court enter a stipulated judgment.[21]

In order to determine whether the settlement is fair, the Court may examine the adequacy of representation of the collective class by the representative plaintiff.  The "adequacy of representation" requirement is most often scrutinized as part of the settlement of class actions certified under Rule 23.  Although some courts, including the Tenth Circuit in *Thiessen*, suggest the class action standards found in Rule 23 do not

---

[18] *Scott*, No. 08-4045-EFM, 2010 WL 5093650, at *5.

[19] *McCaffrey*, 2011 WL 32436, at *2-3.

[20] *Id*. at *2 (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir. 1982).

[21] *Id*. (citing *Baker v. D.A.R.A. II, Inc.,* No. CV–06–2887–PHX–LOA, 2008 WL 4368913, at *2 (D.Ariz. Sept. 24, 2008)).

generally apply to an FLSA collective action,[22] other courts within the District of Kansas have discussed the adequacy of representation element when reviewing an FLSA collective action settlement, noting:

> Although the Tenth Circuit has held that Section 216(b) does not incorporate the Rule 23 requirements of numerosity, commonality, typicality and adequacy of representation,[23] the adequacy of class counsel **and class representatives** is a relevant consideration because the court has an inherent interest in ensuring that opt-in plaintiffs are adequately represented."[24]

The question then becomes how the Court could determine whether the opt-in plaintiffs are adequately represented, and thus whether any settlement is fair and reasonable, if the opt-in plaintiffs are not represented by at least one named plaintiff.

D.   <u>Statutory language</u>

Section 216(b) of the FLSA provides, "An action to recover the liability prescribed in [this section] may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  Unfortunately, "Section 216(b) is not very detailed in its guidelines for permissible class actions.  It merely states that a plaintiff *can* prosecute an action on behalf of himself '*and* other employees similarly situated.'"[25]

---

[22] *McCaffrey*, 2011 WL 32436, at *6 n.14 (citing *Thiessen,* 267 F.3d at 1103).

[23] *Id*. (citing *Thiessen,* 267 F.3d at 1103).

[24] *Id*. (citing *Brown v. Money Tree Mortgage, Inc.*, No. 03–2651–JWL, 222 F.R.D. 676, 682 (D. Kan. 2004); *Fortna v. QC Holdings, Inc.,* No. 06–CV–0016–CVE–PJC, 2006 WL 2385303, at * 9 (N .D.Okla. Aug. 17, 2006)). *See also Pivonka v. Bd. of Cty. Comm'rs of Johnson Cty., Kansas*, No. 04-2598-JWL, 2005 WL 1799208, at *4 (D. Kan. July 27, 2005) (noting, "This does not mean that considerations of adequacy of representation are necessarily irrelevant in a putative FLSA collective action)).

[25] *Owens v. Bethlehem Mines Corp.*, 108 F.R.D. 207, 210 (S.D.W. Va. 1985) (emphasis added).

The statute does not *per se* require a plaintiff to prosecute an action on behalf of *both* himself *and* others similarly situated.  It merely states a plaintiff *can* do so.  A group of employees, however large, may join together to file an FLSA action as similarly-situated individuals; however, this type of case is distinguished from a collective action under § 216(b), in which a named plaintiff (or plaintiffs) files on behalf of others.[26]

But the statute's use of the conjunction "and" linking the final clause of "other similarly situated employees" to a filing plaintiff is instructive—the statute does not appear to contemplate a Section 216(b) collective action simply by a group of "other employees similarly situated" (the opt-in plaintiffs) without a representative plaintiff filing on their behalf.

E.     <u>Lack of authority</u>

Plaintiffs identify no authority, and the Court has located none, which suggests a collective action under the FLSA may proceed indefinitely without a named plaintiff. Likewise, Defendant discloses no case law to indicate Plaintiffs are required to identify a representative plaintiff in the event the named plaintiff is dismissed from the action. Moreover, every case cited by the parties in their respective briefs contains at least one named plaintiff – not a single case proceeded with more than a temporary absence of a named representative.  All cases cited by the parties discuss the representative plaintiff in the context of class certification, decertification, or approval of settlement.  Not a single

---

[26] *See* Molly Elkin, Greg McGillivary, and Catherine K. Ruckelshaus, *Wage/Hour Jeopardy: Discovery and Proof Issues in Fair Labor Standards Act Cases*, The American Bar Association Section of Labor and Employment Law National Conference on Equal Employment Law.

case cited by either party discusses the actual necessity of a representative plaintiff in an FLSA collective action.

For example, in its Memorandum in Support (ECF No. 115), Defendant discusses three cases cited by plaintiff Hose in his earlier motion to dismiss (ECF No. 89).  In *Coan v. Nightingale Home Healthcare, Inc.*,[27] a district court in the Southern District of Indiana made the case management decision to try the collective action in four trials, dividing the plaintiffs into four subclasses.  Most supportive of Plaintiffs' position here is that the court in *Coan* found no difference between the named plaintiff and opt-in plaintiffs; however, this was in the context of trial management and occurred after the denial of defendant's motion to decertify the class.  In *Alvarez v. City of Chicago*,[28] the Seventh Circuit Court of Appeals found the district court erred when it dismissed the claims of the named plaintiffs after decertification, because when a collective action is decertified, it reverts to one or more individual actions on behalf of the named plaintiffs.  This holding does not address the necessity of a representative plaintiff, and in fact cites an Eleventh Circuit case which affirmed decertification of an FLSA collective action and dismissal of the opt-in plaintiffs.[29]  Finally, in *Oropeza v. Appleillinois, LLC*,[30] the Northern District of Illinois dealt with the scope and strategy of discovery in a collective action, and whether "representative" discovery was allowed in lieu of discovery from each individual

---

[27]  *Coan v. Nightingale Home Healthcare, Inc.*, No. 1:05-CV-0101-DFH-TAB, 2006 WL 1994772, at *3 (S.D. Ind. July 14, 2006).

[28] *Alvarez v. City of Chicago*, 605 F.3d 445, 450 (7th Cir. 2010).

[29] *Id*. (citing *Fox v. Tyson Foods, Inc.,* 519 F.3d 1298, 1301 (11th Cir.2008)).

[30]  *Oropeza v. Appleillinois, LLC,* No. 06 C 7097, 2010 WL 3034247, at *1 (N.D. Ill. Aug. 3, 2010).

opt-in plaintiffs. But, like *Coan* and *Alvarez*, the court did not address the necessity of a named representative to a collective action prior to final certification.

Plaintiffs respond by first referring to a string cite of 15 cases[31] to support their assertion that Defendant's request has no legal support. Three of these cases—*Coan*, *Alvarez*, and *Oropeza*—are discussed above. Notably, none of the cases cited by Plaintiffs are binding on this court, nor do they squarely address the ultimate necessity of a named representative. Plaintiffs also cite cases to support their contention that a well-developed trial plan would be most effective to get this case to trial without a representative. For example, they cite *Monroe v. FTS USA, LLC*,[32] a Sixth Circuit collective action which proceeded to trial on a representative basis, allowing representative testimony and proof, and *White v. 14051 Manchester Inc.*,[33] an Eastern District of Missouri action in which plaintiffs suggested a trial plan including representative testimony, but the court disagreed and decertified the action because of a lack in uniform policies governing the various plaintiff employees. But Plaintiffs fail to take into account the representative nature of these cases, which weakens their argument that this case needs no representative.

Despite the citations to, in most instances, non-binding authority from other jurisdictions and a few citations to distinguishable binding authority, the fact remains neither party provides the Court with binding authority which is squarely on point. The pure absence of relevant authority indicates to this Court these collective actions do not

---

[31] Pls.'s Resp., ECF No. 118, at 3 and note 1.
[32] *Monroe v. FTS USA, LLC*, 815 F.3d 1000 (6th Cir. 2016).
[33] *White v. 14051 Manchester Inc.*, 301 F.R.D. 368, 376 (E.D. Mo. 2014).

generally proceed without a named representative.  This weighs in favor of designating a representative plaintiff.

### F.   Discretion

Although discussed in the context of providing notice to potential opt-in plaintiffs, the United States Supreme Court emphasized the district court's wide discretion to manage collective actions.  In *Hoffmann-La Roche v. Sperling*,[34] the Court found:

> Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure. See Fed. Rule Civ. Proc. 83. It follows that . . . the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.[35]

Rule 83(b) allows the Court to "regulate practice in any manner consistent with federal law" in the absence of controlling law.

The Court has already established a lack of controlling law governing the question before the Court.  When combined with the legal concerns discussed above, and the Court's discretion to manage the parties in a collective action, these issues together tip the scales in favor of the eventual selection of a representative plaintiff.

---

[34] 493 U.S. 165, 170-71 (1989) (holding district courts have discretion, in appropriate cases, to implement § 216(b), as incorporated by § 626(b), in ADEA actions by facilitating notice to potential plaintiffs).
[35] *Id.*

## 2.    The January 22, 2016 Memorandum and Order

In the order decertifying the claims of the Missouri opt-in plaintiffs, Chief District Judge J. Thomas Marten cited the Seventh Circuit Court of Appeals case of *Phillips v. Ford Motor Co.*,[36] noting, "FLSA class actions have been allowed to proceed in the absence of a named representative." (ECF No. 109 at 6.)   Although Plaintiffs read this statement to indicate this case may proceed indefinitely without a named representative plaintiff, the Court finds that interpretation somewhat misplaced for two reasons.

First, the prior issue before the Court was whether dismissal of the Missouri plaintiffs—including Hose, the named plaintiff—required dismissal of this action.  Cited in the January 22 order, the *Phillips* case specifically permits an action to continue—thus avoiding dismissal—despite the substitution of a representative plaintiff.[37]   But neither *Phillips*, nor the January 22 order, addresses the ultimate *necessity* of a named representative. Second, Plaintiffs' interpretation appears overbroad given the lack of supporting case law for their position (*see* discussion *supra* Part 1, "Legal Issues"). Consequently, although the January 22 order found the *temporary* absence of a named representative does not doom the action to dismissal, a separate question is now before the Court:   namely, what practical and legal effects the *indefinite* absence of a named plaintiff has on the administration of the case.  Because the January 22 order does not

---

[36] *Phillips v. Ford Motor Co.*, 435 F.3d 785 (7th Cir. 2006).

[37] *Id.* at 787 (noting, "Substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ("routine") feature of class action litigation" and finding "Unless jurisdiction never attached . . . or the attempt to substitute comes long after the claims of the named plaintiffs were dismissed, . . . substitution for the named plaintiffs is allowed.").

specifically address the necessity of a named plaintiff, this would tend to weigh in favor of Defendant's request, or at minimum act as a neutral factor in this Court's analysis.

### 3.    Practical Concerns

Among the arguments Defendant raises are the practical affects the lack of a named plaintiff could have on the progress of the case.  Defendant reasons a named plaintiff in an FLSA collective action is designated as an agent and is therefore empowered to make decisions on behalf of the opt-in plaintiffs.[38]  Therefore, it follows that without a named agent for the opt-in class, it is unclear who is permitted to make decisions on their behalf.  This lack of clarity could affect situations such as participation in mediation, distribution of mailings and other notifications, and completion and participation in discovery.

But Plaintiffs contend many of these concerns are for themselves and their counsel to sort out, and the Court tends to agree.  Although attendance at mediation by a person with settlement authority is mandatory,[39] the selection of an appropriate Plaintiffs' representative is within the purview of Plaintiffs' counsel.  Additionally, with a manageable conditional class of 29 individuals, and counsel's representation that he has communicated with all of them regarding mediation issues, the Court allows Plaintiffs' counsel latitude regarding these matters.

---

[38] Defs.' Mem. in Support, ECF 115, at 6 (citing (*Oropeza v. Appleillinois, LLC*, No. 06 C 7097, 2010 WL 3034247, at *1 (N.D. Ill. Aug. 3, 2010)).  *See also In re Wells Fargo Wage & Hour Employment Practices Litig. (No. III)*, 18 F. Supp. 3d 844, 850 (S.D. Tex. 2014) (quoting *Johnson v. U.S. Bank Nat. Ass'n*, 276 F.R.D. 330, 332 (D. Minn. 2011) stating "the named plaintiff operates in a representative capacity from the moment the class action is commenced")).
[39] D. Kan. Rule 16.3.

With regard to mailings and other notifications, the standard operating procedure of this Court is to add the opt-in plaintiffs to the electronic docket sheet, ensuring all counsel have notice of any filings—and again placing the burden on Plaintiffs' counsel to communicate with their own clients.  Merits-based discovery of the individual opt-in plaintiffs was previously ordered and the discovery is ongoing.[40]  Therefore, the lack of a named representative will not negatively affect discovery or prejudice Defendant in that process.  None of these concerns validate the *immediate* selection of a representative plaintiff.

Plaintiffs request the designation of a representative, if ordered, should be delayed until after discovery closes.  Although discovery should not be affected by the lack of a named plaintiff, the idea of waiting until discovery closes to name a representative gives the Court pause.  Discovery may further assist Plaintiffs to determine which plaintiff(s) would be the most appropriate representative, but this case is now nearly three years old and merits-based discovery has been ongoing for approximately 18 months.  Additionally, the timing of a post-discovery designation could create issues.  Discovery closes on October 3, 2016, and Defendant's motion for decertification is due November 4, 2016.  (ECF No. 116).  This schedule allows one month for Defendant to file any substantive motion for decertification after finalizing discovery.  Adding a deadline to file a renewed motion to name a representative plaintiff, and/or any amended pleadings and responses resulting, seems to be a recipe for further litigation and requests for

---

[40] *See* Second Revised Scheduling Order - Merits, ECF No. 73, at ¶¶2(c), 2(i).  *See also* Merits-based Scheduling Orders, ECF Nos. 63, 67, 88, 104, 116.

adjustments to the schedule, which is already governed by a *Fourth* Revised Scheduling Order.

The Court also finds other logistical items troubling. An FLSA opt-in plaintiff does not usually formally appear before the Court, aside from the filing of his or her consent, and is typically not named in the caption on written pleadings.[41] The lack of a named representative, then, creates some confusion for both the Court and the parties. As noted by Defendant, and as experienced by this Court when preparing this order, the question occurs: who should be listed as Plaintiff in the caption of this action, now that James Hose is no longer a party? And upon review of recent filings, even Plaintiffs appear confused: Plaintiffs have consistently electronically filed documents with the Court by selecting only Hose as a filer—until they responded to this motion by selecting *all* opt-in plaintiffs as filers, including those who have been dismissed.[42] Although these logistical problems may appear to be minor, they may be symptoms of the larger legal issues discussed above and weigh in favor of the identification of a representative plaintiff.

## Conclusion

In light of the lack of authority, controlling or otherwise, for either party's position, the Court is hesitant to make a wide-sweeping rule requiring the immediate

---

[41] *Shushan v. Univ. of Colorado at Boulder*, 132 F.R.D. 263, 264 (D. Colo. 1990).

[42] The Court recognizes the Electronic Filing System may be difficult to navigate when counsel's office is selecting multiple filers, particularly in a case with multiple plaintiffs. However, this confusion only serves to emphasize the advantages of selecting a named-plaintiff filer, as was done from the inception of the case, compared to Plaintiffs' counsel now being forced to select the entire class of opt-in plaintiffs.

designation of a representative plaintiff.   Substantial consideration has been given to the lack of authority and the ambiguity of §216(b) itself, along with the manageable size of this conditional class and Plaintiffs' right to control the course of their litigation and ultimately select the most appropriate representative.   But the Court must balance these concerns with its trepidation regarding the approval of any future settlement without a representative plaintiff, and what could ultimately result in dismissal of the case in the event of decertification.

When a representative plaintiff must be named depends upon the procedural posture and facts of each case.   Given the factual and procedural context of this particular case, as well as the logistical and legal concerns, the Court exercises its discretion to manage this case by ordering the eventual designation of a representative plaintiff.   While currently premature, considering the outstanding discovery remaining, the naming of a representative plaintiff (or plaintiffs) appears appropriate in the future.   Considering the age of the case, sufficient merits discovery should have occurred within the next 120 days and Plaintiffs should soon be in a position to determine which of the opt-in plaintiffs may be an appropriate representative of the collective class.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Require Remaining Opt-In Plaintiffs to Identify a Representative (**ECF No. 114**) is **GRANTED** in that Plaintiffs will be required to designate a representative plaintiff, but **GRANTED IN PART** in that Plaintiffs will be given an opportunity to complete additional discovery

prior to designation.  Plaintiffs must designate one or more representative plaintiffs by filing an Amended Complaint **on or before September 5, 2016.**

**IT IS FURTHER ORDERED** that until such time as a designated representative is named, the first-listed opt-in plaintiff on the Court's docket, Adetokunbo Fasesin, shall be named as Plaintiff in the caption of the case solely for logistical reasons.  All future filings, until such time as a designated representative is named, shall be captioned, "Adetokunbo Fasesin, et al. v. Henry Industries, Inc."

**IT IS FURTHER ORDERED** the motion hearing scheduled for May 24, 2016 is **CANCELLED**.

### Defendant's Motion to Extend the Parties' ADR Deadline (ECF No. 121)

Defendant seeks to extend the mediation deadline to a date thirty (30) days following the Court's ruling regarding Plaintiffs' naming of a representative plaintiff. Given the filing of Defendant's motion on May 11, and the parties' mediation already scheduled for May 16, 2016, the Court convened an immediate conference to discuss the parties' concerns.

Plaintiffs' counsel reported he has spoken with all 29 Plaintiffs, knows each one's settlement position, and believes mediation will be fruitful regardless of the Court's ruling on Defendant's earlier motion.  In addition, Plaintiffs cited concerns regarding the significant costs all parties have incurred to arrange the mediation currently scheduled for May 16.

19

After considerable discussion with counsel, the Court finds it unnecessary to postpone mediation.  Given the Court's ruling on the motion to name a representative, mediation will occur prior to the naming of the representative in any event.  Additionally, considering the reasonable size of the representative class, Plaintiffs' counsel's sincere belief that a lack of representative will not hinder settlement discussions, and in light of the considerable planning and expense the parties have already incurred, Defendant's motion is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Extend the Parties' ADR Deadline (**ECF No. 121**) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 12th day of May 2016.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge