#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ADETOKUNBO FASESIN, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 13-2490-JTM-GEB |
| ) | |
| **HENRY INDUSTRIES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel Production of Documents (ECF No. 154). After consideration of the motion (ECF No. 154), Plaintiffs' Response (ECF No. 166), and Defendant's Reply (ECF No. 175), the Court **GRANTS in part and DENIES in part** the Motion to Compel Production of Documents (**ECF No. 154**) as set forth below.

#### Background

This is a Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), case filed by original named plaintiff James Hose on behalf of delivery drivers engaged by defendant Henry Industries, Inc., a company which arranges deliveries for various pharmaceutical companies. Hose filed the action claiming: 1) the drivers are employees, not independent contractors as classified by Defendant; and 2) the drivers were not paid overtime wages as required under the FLSA. The case was conditionally certified as a

collective action on September 24, 2014 (ECF No. 56) and 116 opt-in plaintiffs consented to join the case (ECF Nos. 40, 64, 65, 72, 75).

On January 22, 2016, the Court issued its Memorandum and Order (ECF No. 109), addressing Plaintiff's request (ECF No. 89) to dismiss without prejudice those opt-in plaintiffs making deliveries in the state of Missouri.[1]  Granting Plaintiff's motion, the Court decertified the claims of the Missouri plaintiffs, allowing those plaintiffs to join an ongoing Missouri state action and automatically dismissing them without prejudice from this case.  Hose, the single named representative plaintiff in this action and upon whose claims the Complaint was initiated, was one of those Missouri plaintiffs whose request for dismissal was granted.  Out of the initial 117 plaintiffs, this conditionally-certified collective action was left with 29 opt-in plaintiffs but no named representative of the group.

Defendant sought a Court order requiring the remaining opt-in plaintiffs to identify a representative.  On May 12, 2016, the Court ordered Plaintiffs to designate one or more representatives on or before September 5, 2016, and until such time as a representative is named, changed the caption of the case to "Adetokunbo Fasesin, et al. v. Henry Industries, Inc." (ECF No. 122).

Four separate merits-based Scheduling Orders have been issued in this case since the approval of conditional class certification.[2]  Fact discovery is currently ongoing, with

---

[1] Eighty-five Missouri opt-in plaintiffs were dismissed, along with 11 plaintiffs who voluntarily withdrew their opt-in consent forms (ECF Nos. 90, 93).
[2] ECF Nos. 20 (Sched. Order – Phase I), 63 (Sched. Order – Merits), 67 (First Revised – Merits), 73 (Second Revised – Merits), 83 (Third Revised – Merits), 116 (Fourth Revised - Merits).

a deadline of October 3, 2016.  A jury trial is presently scheduled for March 14, 2017. Additional background facts and procedural history have been stated in other court orders and need not be reiterated here.

**Defendant's Motion to Compel Production of Documents**
**(ECF No. 154)**

**I.     Discovery Timeline**

Despite the parties' disagreements on the issue presently before the Court, they largely agree on the progress of discovery.  Defendant first propounded discovery requests to the initial 93 opt-in plaintiffs in February 2015, and after seeking at least two extensions of time, Plaintiffs partially responded to those requests. (ECF No. 154 at 2.) In May 2015, Defendant sent a "golden rule" letter to Plaintiffs' counsel addressing deficiencies in their responses to the February discovery, then sought and was granted an extension of time to file a motion to compel regarding the discovery propounded to the first 93 plaintiffs (ECF Nos. 78-79).

In late April 2015, Defendant sent written discovery requests to a second group of 23 opt-in plaintiffs.  After the deadline for responses expired, no responsive documents were produced and, of the responses delivered to Defendant, only partial written responses were provided.  After Plaintiffs' counsel advised they would supply responses on a rolling basis, in mid-June 2015, Defendant filed another motion for extension of time to compel (ECF Nos. 82-83).  In July 2015, Defendant sent another golden rule letter regarding missing and deficient responses.  Defendant does not dispute Plaintiffs sent additional responses, but the parties disagree on their sufficiency.

A significant number of discovery conflicts remained when former named plaintiff Hose filed his motions to dismiss (ECF Nos. 90, 93).  Pending ruling on the dispositive motions, the parties agreed to suspend discovery in *some* disputed fashion:  Defendant argues the agreement was to suspend communications on the golden rule letters and potential motions to compel until the motions were decided for only those opt-in plaintiffs subject to dismissal, but Plaintiffs contend the parties agreed to suspend all discovery until the motion to dismiss was decided.  Regardless of the parties' intent, after the dispositive motions were decided, Defendant sent a third golden rule letter to Plaintiffs on April 6, 2016.  Thereafter, counsel for both parties engaged in at least one telephone conference to discuss outstanding discovery issues. (Pls.' Resp., ECF No. 166 at 5-6.)  As a result of the efforts from both parties, the only remaining dispute centers on Defendant's Request for Production No. 9, which calls for production of Plaintiffs' tax records.

## II. Request at issue – Request No. 9

Specifically, Defendant's First Requests for Production Directed to Opt-In Plaintiffs, Request No. 9 seeks all Plaintiffs' "tax returns for the years 2011-2014, including all W-2s, 1099s, schedules and attachments." (ECF No. 166, Ex. 1, at 14.) Because Plaintiffs claim Defendant violated the FLSA by misclassifying them as independent contractors, Defendant believes the tax returns could show whether Plaintiffs classified themselves as employees or independent contractors when filing their taxes.

4

Plaintiffs' responses (generally[3]) included the following objections "subject to" an agreement to "accommodate" Defendant's request:

> Plaintiff objects to the extent the Request assumes facts not in evidence, is overbroad, vague, and ambiguous, unduly burdensome, and seeks information protected under the attorney client privilege or work product doctrine.
>
> Subject to and without waiving the foregoing general and specific objections, Plaintiff is currently unaware of any documents in his possession that are responsive to this request. To the extent Defendant seeks access to the information, Plaintiff will execute, as an accommodation, an IRS Form 4506 requesting a copy of tax return(s) to be mailed to Defendant's counsel.

## III. Technicalities

The parties tend to belabor the narrow issue with extensive discussion of technical and procedural concerns, none of which rule the day but only increase the contention in this matter. Defendant claims Plaintiffs "stonewalled" Defendant's request for their tax returns for more than a year and, despite Plaintiffs' claims to the contrary, Defendant never agreed to a complete stay of discovery. In response, Plaintiffs argue the converse—that all discovery was stayed—and additionally contend Defendant did not fully comply with the "meet and confer" requirements of D. Kan. Rule 37.2.

Regardless of the minutia of when/where discovery occurred and whether the parties agreed upon a stay of discovery, it is apparent to the Court the parties have spent a great deal of time and effort on not only this issue, but discovery issues in general, which

---

[3] Two plaintiffs claimed to have produced responsive documents along with the written responses; one plaintiff, John Downing, claimed to have produced some 200 pages of information which Defendant asserts it never received; the second plaintiff, Devin Harris, provided only his 2013 tax return (Def.'s Mot., ECF No. 154, Ex. F, at 1 n.1, 3 n.2).

5

Chief Judge J. Thomas Marten previously noted in his Memorandum and Order (ECF No. 109).[4]  Under these circumstances, the Court finds the parties have sufficiently conferred in satisfaction of D. Kan. Rule 37.2.  Furthermore, because the forward progress of this case was consumed first by the motions to dismiss and then the potential naming of a new representative plaintiff, the issue of production under Request No. 9 is now properly and timely before the Court.

## IV. Merits

### A. Objections

Although Plaintiffs provided a litany of objections in their written responses to Defendant's Request No. 9, the objections may each be overruled for a variety of reasons. Plaintiffs initially claimed the request "assumes facts not in evidence" and seeks information protected under the attorney client privilege or work product doctrine. Neither objection was preserved[5] in Plaintiffs' Response brief, nor did Plaintiffs provide a privilege log to support their privilege objections as required by Fed. R. Civ. P. 26(b)(5)(A).[6]  Plaintiffs also claim the Request is overbroad, vague, and ambiguous, but

---

[4] In his Order, Judge Marten noted, "The court's review of discovery process establishes that plaintiff's counsel has not delayed, but has acted professionally and industriously in attempting to obtain the information sought by the defendant. The circumstances of the opt-in plaintiffs — individual persons, many without substantial resources or extensive education, working demanding driving schedules — mandate leniency in the discovery process, especially given the extent of the information sought by Henry . . . ." (ECF No. 109, at 7.)

[5] *Gust. v. Wireless Vision, L.L.C.*, No. 15-2646-KHV-KGS, 2015 WL 9462078, at *3 (citing *Sonnino v. Univ. of Kansas Hosp. Authority*, 221 F.R.D. 661, 666-671 (D. Kan. 2004) (finding "Objections initially raised but not asserted in the objecting party's response to a motion to compel are deemed abandoned.").

[6] Rule 26(b)(5)(A) requires, "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material,

6

the Request seeks tax returns for each plaintiff for four specific years, which the Court finds neither overbroad nor vague. Therefore, all objections raised in Plaintiffs' written responses are overruled.

In their Response to the Motion to Compel, Plaintiffs claim the information in the tax returns is irrelevant to the claims in this case. There is no question relevancy is an overarching consideration for all discovery under the scope outlined in Fed. R. Civ. P. 26(b)(1). However, Plaintiffs did not assert a relevancy objection in their initial written discovery responses, and just as any objection asserted in the discovery response is waived by failure to raise it in the Response to the motion to compel, conversely, the failure to assert the relevancy objection in their original discovery responses precludes Plaintiffs from raising it in their Response to the discovery motion.[7]

Equally importantly, Plaintiffs effectively waived all objections in their discovery responses by simultaneously asserting objections while responding with an offer to comply with Defendant's requests subject to their objections. This type of answer constitutes a conditional response, defined as "when a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections."[8] Finding that "[o]bjecting but answering subject to the objection is not one of the allowed choices

---

the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

[7] *Gust*, 2015 WL 9462078, at *3 (noting, "any objections not asserted in the initial response to a discovery request but raised in response to a motion to compel are deemed waived") (citing *Cardenas v. Dorel Juvenile Grp., Inc. et al.*, 230 F.R.D. 611, 620–21 (D. Kan. 2005)).

[8] *Gust*, 2015 WL 9462078, at *1 (discussing conditional responses) (quoting *Westlake v. BMO Harris Bank, N.A.*, No. 13-2300-CM-KGG, 2014 WL 1012669, at *3 (D. Kan. Mar. 17, 2014)).

under"[9] Fed. R. Civ. P. 34(b)(2), judges in this district have found "whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands."[10] Therefore, Plaintiffs' objections are waived.

### B. Methods to Obtain Tax Information

The Court next turns to the logistics of Plaintiffs' offer to comply with Defendant's request by providing a signed Internal Revenue Service (IRS) Form 4506 to enable defense counsel to obtain copies of each Plaintiff's tax returns. The Court takes judicial notice of the information available on the United States Department of Treasury, Internal Revenue Service (IRS) website.[11] The IRS offers two primary methods by which an individual taxpayer may obtain records of past income tax filings.[12] The first, a Form 4506, allows a taxpayer to obtain a full copy of his/her actual return filed for any given year; however, copies obtained with Form 4506 require prepayment of $50 per return requested. A second method, Form 4506-T, allows the taxpayer to request a transcript of the return—essentially a summary—for no charge to the taxpayer or third party designee.

---

[9] *Id*. (citing *Pro Fit Mgmt. v. Lady of Am. Franchise Corp.*, No. 08-2662-JAR-DJW, 2011 WL 939226, at *7-*9 (D. Kan. Feb. 25, 2011) (internal citations omitted)).

[10] *Id*. (citing, *e.g*., *Sprint Commc'ns Co. v. Comcast Cable Commc'ns*, Nos. 11-2684-JWL-JPO, 11-2685-JWL-JPO, 2014 WL 545544, at *3 (D. Kan. Feb. 11, 2014)).

[11] *See* Fed. R. Evid. 201(b); *Valiente v. Dineequity, Inc.*, No. 08-2416-KHV, 2009 WL 1226743, at *1 (D. Kan. May 1, 2009) (discussing Fed. R. Evid. 201(b) and noting, "Courts often take judicial notice of various public records, including . . . publications made by various administrative agencies.")

[12] *See* IRS website, Form 4506, "Request for Copy of Tax Return," available at https://www.irs.gov/forms-pubs (Instructions include: "The IRS can provide a Tax Return Transcript for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See Form 4506-T, Request for Transcript of Tax Return**,** or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." or call 1-800-908-9946").

The taxpayer may either obtain the transcript through a paper submission of Form 4506-T, or utilize an online service by which the taxpayer may obtain an immediate electronic transcript for various types of returns.[13]

### C.  Discussion

Plaintiffs argue most of them have no prior returns in their possession, and because it will cost them money to obtain their complete returns from the IRS, they are not obligated to produce them.  Furthermore, they claim the individual plaintiffs—many of them transient truck drivers—have encountered difficulties with the IRS electronic transcript request service because of a technical requirement that the taxpayer know his/her previous address in order to immediately access the online transcript.  Plaintiffs do not address the ability of a taxpayer to access a transcript using the mail-in service.

Defendant contends because it will cost $50 per return, per plaintiff (potentially $200 per plaintiff, or up to $5,800 total), it should not be required to bear those costs because the returns are technically within the Plaintiffs' legal control.[14]  Therefore, Plaintiffs are obligated to produce copies of their tax returns as offered in their discovery responses.

---

[13] "Welcome to Get Transcript," available at https://www.irs.gov/individuals/get-transcript.

[14] *See Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 517 (D. Kan. 2007) (discussing the standard for legal "control" over documents as required by Fed. R. Civ. P. 34); *National Union Fire Insurance Co. v. Midland Bancor, Inc.,* 159 F.R.D. 562, 566 (D.Kan.1994) (finding "Courts have universally held that documents are deemed to be within the possession, custody or control if the party has actual possession, custody or control or has the legal right to obtain the documents on demand") (citing *Wardrip v. Hart*, 934 F. Supp. 1282, 1286 (D. Kan. 1996)).

Without further belaboring the parties' positions, the Court recognizes the parties have, in effect, already agreed to a solution: Defendant's motion specifically asks for returns, *or alternatively* for Plaintiffs "to produce copies of their IRS transcripts for the same years for which tax returns were requested." (ECF No. 154, at 1.) Not only did Plaintiffs offer in their initial responses to Request No. 9 to complete Form 4506, but in their Response to the motion to compel propose "to supplement production with each *transcript* received upon receipt." (ECF No. 166, at 14 n.4; emphasis added.) Despite some Plaintiffs' apparent difficulty with the online request format, this does not prevent them from obtaining a transcript by mail—it simply alters the method by which they submit their Form 4506-T.[15]

## V.   Conclusion

Although Plaintiffs' relevancy objection was not preserved, and therefore not analyzed, the Court recognizes the tax returns could be of questionable relevance to the claims and defenses in this case.[16] Given the potential costs of accessing complete tax returns for all Plaintiffs, the proportionality of the requested discovery to the needs of the

---

[15] The IRS website advises those persons encountering difficulty with the "exact matching" feature of the electronic transcript system to utilize either the "Get Transcript by Mail" option or to submit a paper Form 4506-T by fax or U.S. mail.  *See* https://www.irs.gov/individuals/get-transcript-faqs.

[16] *See, e.g., Johnson v. Unified Government of Wyandotte County, et. al*, No. 99-2407-JWL, 2001 WL 699049, at *3 (upheld on appeal, 371 F.3d 723 (10th Cir. 2004) (finding, at trial in an FLSA case, plaintiffs' tax returns were not relevant to any of the factors analyzed to determine whether plaintiffs were properly classified as independent contractors).

case becomes a concern.[17]  Therefore, the simplest and most economical course of action is for someone—Plaintiffs or Defendant—to obtain the free tax return <u>transcripts</u>, rather than copies of complete returns, for each opt-in plaintiff as essentially agreed by the parties.

Based on the briefing presented by the parties, it is unclear whether the information Defendant seeks will be contained in the transcripts.  In the event the transcripts do not provide the information sought, the parties should review relevant case law, confer at length, and recognize the likelihood that, based upon the specific objections raised and not preserved to Request No. 9 in this specific case, the Court will order each plaintiff to execute an IRS Form 4506 and the Plaintiffs and Defendant to each bear one-half the cost of request and production of Plaintiffs' full tax returns.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Production of Documents is **GRANTED in part.**  Each Plaintiff must: 1) produce any tax records for tax years 2011-2014 which are currently in his/her possession, and 2) produce to Defendant's counsel a signed IRS Form 4506-T for each tax year for which no tax records are currently in their possession, **on or before July 22, 2016**.  Defendant will order the transcripts.  The motion is **DENIED in part**, without prejudice to later review, in that Plaintiffs will not be ordered to produce copies of their full tax returns at this time.

---

[17] The 2015 Amendment to Fed. R. Civ. P. 26(b) prioritize the analysis of proportionality of discovery, stating, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense *and proportional to the needs of the case* . . ."

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 8th day of July 2016.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
