**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **RICHARD FRICK, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 13-2490-JTM-GEB |
| ) | |
| **HENRY INDUSTRIES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

On November 10, 2016, the Court convened an in-person pretrial conference and motion hearing to address both the status of this case and Plaintiffs' Motion to Quash Defendant's Subpoenas Duces Tecum and for Protective Order (ECF No. 226). Plaintiffs appeared through counsel, Kevin J. Dolley. Defendant appeared through counsel, Molly Walsh Keppler and Johnny S. Wang. After review of the parties' written briefing (ECF Nos. 226, 227, 229, 230), hearing arguments of counsel, and extensive discussion between counsel and the Court regarding the discovery dispute, the Court announced its ruling at the hearing. This Order memorializes the oral ruling and **GRANTS in part and DENIES in part** the Motion to Quash (**ECF No. 226**) for the reasons set forth below.

**Background**

This is a Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), case filed on behalf of delivery drivers engaged by defendant Henry Industries, Inc., a company

which arranges deliveries for various pharmaceutical companies. Plaintiffs filed the action claiming: 1) the drivers are employees, not independent contractors as classified by Defendant; and 2) the drivers were not paid overtime wages as required under the FLSA. The case was conditionally certified as a collective action on September 24, 2014 (ECF No. 56).

Twenty-nine[1] opt-in plaintiffs currently remain in the case. Multiple merits-based Scheduling Orders have been issued in this case since the approval of conditional class certification.[2] Fact discovery was scheduled to close on October 3, 2016, with a Pretrial Conference scheduled for October 21, 2016 and later continued to November 10, 2016 to coincide with oral argument on Plaintiffs' motion. (ECF Nos. 233, 234.) Additional background facts and procedural history were stated in other court orders and need not be reiterated here.

### I.     Plaintiffs' Motion to Quash Defendant's Subpoenas Duces Tecum and for Protective Order (ECF No. 226)

During the first two weeks of September 2016, Defendant served a total of 48 subpoenas to current and former employers of the opt-in plaintiffs. Plaintiffs submitted written objections to Defendant regarding the subpoenas. After conferring as required by D. Kan. Rule 37.2, the parties could not resolve the conflict, leading to Plaintiffs' motion to quash.

---

[1] Motions to dismiss three opt-in plaintiffs remain pending (ECF Nos. 198, 201, 210).
[2] ECF Nos. 20 (Sched. Order – Phase I), 63 (Sched. Order – Merits), 67 (First Revised – Merits), 73 (Second Revised – Merits), 83 (Third Revised – Merits), 116 (Fourth Revised - Merits).

### A. Requests at Issue

Specifically, Defendant's subpoenas seek two categories of documents from Plaintiffs' former and current employers:

> 1. All material employment records, including but not limited to the personnel file, sufficient to demonstrate the position(s), job duties, and dates of employment of; and method and manner of calculating and paying earnings to [the named plaintiff].
>
> 2. All material records demonstrating any contracts for services with [the named plaintiff] and the services to be provided thereunder, including but not limited to any contract(s) and schedules or addendums thereto; and records sufficient to demonstrate any requirements or expectations in providing the contract services, including invoicing, payment of expenses, and calculating payments for services.

(ECF No. 227, Ex. A at 4.)

### B. Overarching Legal Standard

Fed. R. Civ. P. 45 provides guidelines for the issuance of subpoenas to non-parties. Rule 45(d)(3)(A) requires the court to quash or modify a subpoena that requires compliance beyond the geographical limits of service; requires disclosure of privileged or protected information; or subjects a person to undue burden. Although Rule 45 does not specifically include relevance or overbreadth as bases to quash a subpoena, "this court has long recognized that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34."[3]

---

[3] *Martinelli v. Petland, Inc.,* No. 10-mc-407-RDR, 2010 WL 3947526, at *3 (D. Kan. Oct. 7, 2010) (internal citations omitted); *Martin v. Grp. 1 Realty, Inc.*, No. 12-2214-EFM-DJW, 2013 WL 3322318, at *2 (D. Kan. July 1, 2013).

C.    Analysis

Plaintiffs first present arguments asserting their standing to object to the subpoenas. Plaintiffs then contend the subpoenas should be quashed for the following reasons: the information sought is 1) irrelevant; 2) overly broad; 3) not limited in time; 4) confidential; 5) not proportional; and the subpoenas are 6) harassing to Plaintiffs and jeopardizes their employment; and 7) the subpoenas were improper under Fed. R. Civ. P. 45 because they seek action by third parties who are located more than 100 miles from the place of production.

Defendant argues the information requested is relevant because it bears on Plaintiffs' classification as independent contractors, specifically how they understood their classification in light of other work experiences. Also, if Plaintiffs worked for other companies during their employment with Defendant, the hours they worked for others may correlate with, or make impossible, the number of hours each plaintiff claims he/she worked for Defendant during the same period. Defendant also seeks to use the information to fill in gaps in Plaintiffs' deposition testimony and for impeachment at trial, if needed. Documents from companies with which Plaintiffs currently work or that Plaintiffs worked with after their relationship with Henry ended could include statements made by Plaintiffs about Defendant. Defendant argues Plaintiffs have not demonstrated good cause to quash the subpoenas, and Plaintiffs' privacy interests in the information, if any, do not prohibit their disclosure.

Ultimately, Plaintiffs' arguments may be divided into two primary categories: 1) those which require minimal explanation to overrule, or which were found moot at

hearing, including: standing, confidentiality and potential for injury, proportionality, and procedural deficiency; and 2) those arguments which require a more in-depth analysis, including: relevance, overbreadth, and temporal scope. Each category of issues is addressed in turn.

### 1. Arguments Overruled or Moot

#### a. Standing

In its Response (ECF No. 229), although Defendant argues Plaintiffs' right to object does not equate to confidentiality, it stops short of disputing Plaintiffs' *ability* to object. Defendant confirmed during oral argument it does not take issue with Plaintiffs' standing to challenge the subpoena, and finding the issue moot, the Court moves ahead with its analysis.

#### b. Confidentiality and Potential for Injury

Plaintiffs argue the employment records sought could contain a plethora of personal information, ranging from compensation information to private medical or familial information. They also contend the subpoenas to their employers, and particularly their current employers, are harassing and could lead to embarrassment. However, a Protective Order (ECF No. 19) is in place, which should adequately protect Plaintiffs' "privacy, confidentiality, and personal rights."[4] The parties agreed, during the November 9, 2016 hearing, that the Protective Order would shield any information

---

[4] *See Martin v. Grp. 1 Realty, Inc.*, No. 12-2214-EFM-DJW, 2013 WL 3322318, at *5 (D. Kan. July 1, 2013) (finding plaintiff's "privacy, confidentiality, and personal rights are adequately protected by the existing Protective Order").

5

produced as a result of the subpoenas. Additionally, the potential for embarrassment is not, alone, a basis to quash the subpoenas if the information sought is relevant.[5] Because some of the information sought is relevant (*see* discussion *infra* Part I.B.2.a), and confidentiality will be maintained by the Protective Order, Plaintiffs' objections are overruled.

### c. Proportionality

The 2015 amendments to Fed. R. Civ. P. 26(b) moved to the forefront the requirement that discovery be "proportional to the needs of the case." The change reinforced the need for parties, and the Court when necessary, to focus on the avoidance of undue expense to the parties.[6] Plaintiffs argue the issuance of 48 subpoenas is a "scorched-earth" tactic and disproportionate to the litigation. Although Defendant served 48 subpoenas, those were to 26 individual plaintiffs—generally speaking, less than two per person. Defendant claims the information was not previously requested in discovery to Plaintiffs, so it does not appear redundant. Also, Plaintiffs bear no expense, because expenses fall on the responding third parties. Therefore, Plaintiffs have not met their burden to demonstrate disproportionate discovery, and their objection on the basis of proportionality is overruled.

---

[5] *See Kear v. Kohl's Dep't Stores, Inc.*, No. 12-1235-JAR-KGG, 2013 WL 628331, at *3 (D. Kan. Feb. 20, 2013) (finding the "potential annoyance to [the objecting party] does not outweigh [the requesting party]'s showing of the obvious relevance"); *see also Stewart v. Mitchell Transp.*, No. 01-2546-JWL-DJW, 2002 WL 1558210, at *6 (D. Kan. July 11, 2002) (finding defendant's conclusory statements that plaintiffs seek to annoy, harass, and embarrass him through the subpoenas insufficient to satisfy his Rule 26(c) burden).

[6] Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendments.

### d. Procedural Deficiency

Plaintiffs object to the subpoenas, in part, because the service address is beyond the 100-mile geographical limit set in Fed. R. Civ. P. 45(c)(1)(A). But courts in this district have repeatedly acknowledged that where a subpoena does not require attendance of any witnesses, but only production of documents, there is no violation of the 100-mile limitation of Rule 45.[7] At hearing, Plaintiffs conceded this argument was not key to their objections. Based upon the applicable case law, the objection is overruled.

### 2. Substantive Issues

Although Plaintiffs' objections regarding procedure, confidentiality, and proportionality do not win the day, the other objections require more cautious consideration. Ultimately, Plaintiffs' motion hinges on the relevance of the information Defendant seeks, and the temporal scope and breadth of the subpoenas.

### a. Relevance and Temporal Scope

The crux of the motion is the relevance of the information Defendant seeks from Plaintiffs' current and former employers. As stated above, the proper scope of discovery sought by a Rule 45 subpoena is synonymous to the scope of discovery under Rule

---

[7] *Stewart,* 2002 WL 1558210, at *3 (refusing to quash the subpoena on procedural grounds, and noting "[t]he entities subpoenaed are merely required to mail the documents, or have them delivered to [requesting counsel]'s office in Kansas. No representative is required to travel to Kansas."); *see also Ice Corp.* v. *Hamilton Sundstrand Corp.,* No. 05-4135-JAR-KGS, 2007 WL 1364984, at *3 (D. Kan. May 9, 2007).

7

26(b).[8]  Relevancy is broadly construed during discovery but, when relevance is not apparent on the face of the request, the party seeking discovery bears the burden to demonstrate relevance.[9]  Once facial relevance is established, the burden shifts to the party resisting discovery.[10]  "Courts should lean towards resolving doubt over relevance in favor of discovery,"[11] and the court has broad discretion over discovery matters and to decide when a protective order is appropriate.[12]

Plaintiffs argue the entire focus of this misclassification case is the nature and economic reality of the relationship solely between Defendant and Plaintiffs, making Plaintiffs' other employment history completely irrelevant.  But Defendant claims the requested documents could demonstrate that, based on hours spent working at other simultaneous jobs, Plaintiffs' claims of working more than 40 hours for Defendant in a work week is not credible or possible, and/or the nature of the simultaneous work supports a finding that Plaintiffs were independent contractors.  Defendant also intends to have the documents available for impeachment, believing the documents will bear on the credibility of Plaintiffs' claims that they do not understand what it means to be an

---

[8] *Martinelli,* 2010 WL 3947526, at *3; *Martin*, 2013 WL 3322318, at *2.

[9] *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) (internal citation omitted).

[10] *Folger v. Medicalodges, Inc*., No. 13-1203-MLB-KMH, 2013 WL 6244155, at *2 (D. Kan. Dec. 3, 2013).

[11] *Id*. (citing *Jackson v. Coach, Inc.*, No. 07–2128–JTM–DWB, 2008 WL 782635, at *4 (D. Kan. Mar. 20, 2008); *Teichgraeber v. Mem'l Union Corp. of Emporia State Univ.*, 932 F. Supp. 1263, 1266 (D. Kan. 1996)).

[12] *See S.E.C. v. Merrill Scott & Assoc., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) ("The district court has broad discretion over the control of discovery . . . ") (internal citations omitted); *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010) ("Federal Rule of Civil Procedure 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.") (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984)).

independent contractor. Although there are no binding cases directly on point, two other Kansas federal cases are instructive.

In a recent decision in *Matrai v. DirecTV, LLC*,[13] the court analyzed an FLSA case on a motion for summary judgment. While analyzing the "degree of control" the defendant held over the plaintiffs, the court considered whether the plaintiffs were able to do other work at the same time they were employed by defendant. In doing so, it stated, "The court considers whether the plaintiff is acting independently or autonomously, as if conducting his or her own business, as reflected in reporting to work, in deciding what work to do, in doing work according to the plaintiff's schedule, and *in being able to do third-party work projects at the same time*."[14] And, when analyzing the permanence of the relationship, the court found a material dispute over whether plaintiffs and defendant "had an exclusive working relationship and whether the plaintiffs could have worked other jobs during their time with [defendant.]"[15]

In a 2013 opinion, another Kansas federal court engaged in similar analysis of an FLSA discovery request. In *Folger v. Medicalodges, Inc.*,[16] the court considered whether to allow production of the plaintiff's personal phone records and work history. There, the court found, "plaintiff's claim that she worked hours off-the-clock and defendants' burden of rebuttal make at least minimally relevant any information which could possibly

---

[13] *Matrai v. DirecTV, LLC*, No. 14-2022-SAC, 168 F. Supp. 3d 1347 (D. Kan. Mar. 4, 2016).
[14] *Id*. at 1355 (citing *Baker v. Flint Engineering & Const. Co.*, 137 F.3d 1436, 1440–41 (10th Cir.1998)).
[15] *Id*. at 1357.
[16] *Folger v. Medicalodges, Inc*., No. 13-1203-MLB-KMH, 2013 WL 6244155 (D. Kan. Dec. 3, 2013).

lead to admissible evidence that she was not working during the claimed hours."[17] Likewise, here, it is conceivable that work performed by Plaintiffs, during the time frame they claim to have been employed by Defendant, could be minimally relevant to Defendant's defense.  However, in *Folger*, when assessing the relevance of work history after Folger's employment by that defendant, the court found "plaintiff's post-separation employment clearly could not have been a consideration for her proper classification by defendants and is not relevant on its face."

Defendant cites to another 2013 opinion which denied a plaintiff's motion to quash and allowed discovery of a plaintiff's *current* employment records, finding relevance to be the overriding issue.  In *Kear v. Kohl's Dep't Stores, Inc.*,[18] an employment discrimination case, the court found "plaintiff's employment records with her current employer are undeniably relevant on their face for a variety of reasons—[including] statements she may have made regarding her past employment, information relating to her potential economic damages, information regarding potential on-going emotional damages, etc."[19]  However, this Court finds the ruling distinguishable from the FLSA issues before us.  First, the decision was written prior to the 2015 amendments to Rule 26 (b), which replaced the old standard that a request be considered relevant if there is "any possibility the information sought may be relevant to the *subject matter* of the action" with the requirement that discovery be "relevant to any party's *claim or*

---

[17] *Id*. at *2.
[18] *Kear v. Kohl's Dep't Stores, Inc.*, No. 12-1235-JAR-KGG, 2013 WL 628331 (D. Kan. Feb. 20, 2013).
[19] *Id*. at *3.

10

*defense.*[20]  More importantly, in *Kear* the plaintiff sought damages for employment discrimination, and her current employment information was relevant to prove potential economic damages and ongoing emotional damages.[21]  Neither damages issue is relevant to this case.

After consideration of the persuasive case law, and hearing the arguments of counsel, the Court finds information regarding Plaintiffs' outside employment or work agreements at least minimally relevant during the time frame they performed work for Defendant.  Information sought regarding other employment—before or after Plaintiffs' work for Henry Industries—does not meet the standard of minimal relevance, on its face, and Plaintiffs' objections to disclosure of those records is sustained.

### b.     Overbreadth

Plaintiffs argue the requests, as written, are overbroad.  Request No. 1 of the subpoenas seeks "*All* material employment records, including *but not limited* to" those records demonstrating work hours and pay information.  Likewise, Request No. 2 seeks "*All* material records . . . *including but not limited to*" the parties' service agreements.  This Court agrees each request, on its face, encompasses information which is not facially relevant, as previously discussed, and could result in disclosure of information— such as health, medical, and non-compensation financial information—for which the parties have not indicated relevancy.  Therefore, Plaintiffs' motion to quash is granted in

---

[20] *Compare Kear*, 2013 WL 628331 at *3, issued in 2013, with the 2015 Amendments to Fed. R. Civ. P. 26(b)(1).
[21] *Kear*, 2013 WL 628331 at *3.

11

part, to the extent the Court will narrow Defendant's subpoenas to exclude information which appears irrelevant to the claims or defenses in this case or that which is unnecessarily overbroad.

### D. Conclusion

Finding relevance and overbreadth to be the primary considerations of Plaintiffs' motion, this Court is guided by not only the Kansas federal cases discussed above, but is persuaded by the well-reasoned approach taken by the Eastern District of Arkansas in *Cruthis v. Vision's*.[22]  The information to be produced, or used in the case in the event Defendant is already in possession of irrelevant and overbroad information, is narrowed to the time frame during which Plaintiffs were also employed by Henry Industries. Additionally, rather than "all employment records" as sought in Request No. 1, the records requested and/or utilized shall be narrowed to information in the personnel file sufficient to demonstrate the position(s), job duties, dates of employment of, and method and manner of calculating and paying earnings to Plaintiffs.  Likewise, Request No. 2 is limited to any contract for services with Plaintiffs, and records sufficient to demonstrate the requirements of the contract and payment.  Defendant may not discover from Plaintiffs' personnel files any health or medical information, information relating to benefits, or any other information aside from the information delineated herein for the time period at issue in this case.

---

[22] *Cruthis v. Vision's*, No. 4:12-CV-00244-KGB, 2013 WL 6332679, at *1 (E.D. Ark. Dec. 5, 2013) (granting in part and denying in part plaintiffs' motion to quash subpoenas to their former employers and schools, finding the subpoenas overbroad, and modifying the subpoenas by limiting the scope of information defendants could seek).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Quash Defendant's Subpoenas Duces Tecum and for Protective Order (ECF No. 226) is **GRANTED in part and DENIED in part**, as set forth above.

## II.  Pretrial Conference / Scheduling

Despite the parties' disagreements on the subpoena issue presently before the Court, they largely agree on the progress of the remaining discovery.  Discovery is mostly complete, but each side reports minor outstanding issues with the other party's production, in addition to the information covered by the subpoenas addressed above.  In light of the outstanding discovery issues, **all pending deadlines are suspended** and the pretrial conference is continued.  The discovery deadline is extended to **January 11, 2017**, to ensure completion of the discovery issues addressed during the hearing.  A status conference is set for **January 11, 2017, at 11:00 a.m.**, to be conducted by telephone and initiated by the undersigned U.S. Magistrate Judge.  If the parties are able to confer and submit agreed deadlines prior to the scheduled conference, they may do so and the status conference may be cancelled.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 29th day of November 2016.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
